Antwan Terrell SCOTT *v.* STATE of Arkansas

CR 96-20                                924 S.W.2d 248

Supreme Court of Arkansas
Opinion delivered July 8, 1996

*J. Blake Hendrix*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Antwan Terrell Scott was charged with first-degree murder after witnesses identified him as the person who shot and killed Corey Jones. He was convicted by jury and sentenced to forty years imprisonment. He contends on appeal that the Trial Court should have suppressed all evidence of his gang membership and should have granted his motion for mistrial when it was revealed that he smoked marijuana on the evening of the

murder. The conviction is affirmed because the gang-affiliation evidence was admissible to show the motive for the crime and the evidence of drug use was initially brought out by defense counsel during its case-in-chief.

On the evening of September 7, 1994, William Watkins, an officer with the Little Rock Police Department, received a disturbance call concerning the discharge of firearms. Officer Watkins responded to the call and found three young men standing over the body of the victim, Corey Jones. Mr. Jones had been fatally shot one time in the chest with a small caliber firearm.

Detective Ronnie Smith was assigned to the case and questioned the witnesses to the shooting. As a result of the investigation, the police determined that Mr. Scott was the shootist. Mr. Scott, who was seventeen years old at the time, was transported to the police station by a school resources officer on September 19, 1994. He was mirandized and questioned on his role in the shooting.

Although Mr. Scott initially denied being at the party, and later denied his role as the shootist, he ultimately admitted that he fired the fatal shot. According to the statement given by Mr. Scott, he went to the party with two of his friends, left the party, then returned. A short time after his return "about fifteen Crips and Folks started coming in."

Mr. Scott told the police that he and his friends left the house in order to avoid trouble, but approximately five minutes later the victim and several of his friends followed them out of the door. When the victim walked out, Mr. Scott saw him reach for a handgun and reacted by pulling his own .25 caliber pistol, firing one shot, and fleeing from the scene. He explained his actions by saying that he was in fear for his life.

Mr. Scott was charged with first-degree murder. Prior to trial he filed motions *in limine* to suppress any evidence of gang membership. The Trial Court ruled that the evidence would be admissible because it was relevant to the motive for the shooting.

At trial, the State presented evidence that Mr. Scott was a member of the Vice Lords gang and the victim was a member of the Folks gang. Evidence was also presented that the members of the two gangs did not get along. The State theorized to the jury that the gang rivalry was the motive behind the killing.

Mr. Scott's brother, Rodney Scott, testified for the defense. On direct examination he stated that he did not see his brother fire a weapon. However, he admitted that they were in the yard rolling up a marijuana cigarette just prior to the shooting. On cross-examination, he repeated his admissions concerning drug use. Following the last admission, Mr. Scott moved for a mistrial but requested no other relief. The Trial Court denied the motion.

### 1. Gang affiliation

■ Generally, evidence of motive behind a criminal offense is admissible. *Cooper* v. *State*, 324 Ark. 135, 919 S.W.2d 205 (1996); *Williams* v. *State*, 321 Ark. 344, 902 S.W.2d 767 (1995). The State is entitled to produce evidence "showing all circumstances which explain the act, show a motive for acting, or illustrate the accused's state of mind." *Smith* v. *State*, 310 Ark. 247, 837 S.W.2d 279 (1992); *Richmond* v. *State*, 302 Ark. 498, 791 S.W.2d 691 (1990). *See also Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986), *cert. denied*, 484 U.S. 872 (1987), 490 U.S. 1075 (1989). Where the purpose of evidence is to disclose a motive for killing, anything and everything that might have influenced the commission of the act may, as a rule, be shown. *Cooper* v. *State, supra; See Sullivan* v. *State*, 171 Ark. 768, 286 S.W. 939 (1926).

■ In Mr. Scott's statement he admitted membership in a gang called the Vice Lords. He then revealed that the victim was a member of the Folks gang, and that the members of the two gangs did not get along. Quawn Marshall, a witness for the State testified that Corey Jones was a Folk and Mr. Scott was a Vice Lord. He stated that the Crips and Folks did not get along with the Vice Lords. Brad Howard, another witness for the State, also identified the victim and Mr. Scott as members of rival gangs. We hold that the evidence of gang membership was relevant to show Mr. Scott's motive for shooting the victim.

■ Rule 403 of the Arkansas Rules of Evidence allows a trial court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *Passley* v. *State*, 323 Ark. 301, 915 S.W.2d 248 (1996); *Larimore* v. *State*, 317 Ark. 111, 877 S.W.2d 570 (1994). This weighing is a matter left to the Trial Court's sound discretion and will not be reversed absent a showing of manifest abuse. *Passley* v. *State supra; Billett* v. *State*, 317 Ark. 346, 877 S.W.2d 913 (1994). We hold that under these cir-

cumstances the Trial Court properly found that the prejudicial effect of the gang-affiliation evidence was not so great as to outweigh its probative value.

## 2. Mistrial

On direct examination a defense witness, Rodney Scott, stated that just prior to the shooting "We [including Mr. Scott] was rolling up a sack of weed." On cross-examination, Rodney Scott again mentioned, without an objection by the defense, that they were "rolling up a blunt" in the yard before the shooting occurred. Later in the cross-examination, the State asked Rodney if he drank. Rodney denied drinking anything but again admitted that he smoked "dope", and admitted that his brother, the appellant, smoked "weed" on the night of the shooting.

After the last admission, defense counsel moved for a mistrial on the ground that the evidence of the drug use was not admissible. The Trial Court noted that Rodney mentioned marijuana use on direct examination and denied the motion. Mr. Scott did not ask for any other relief.

■ One who opens up a line of questioning or is responsible for error should not be heard to complain of that for which one was responsible. *Russell v. State*, 306 Ark. 436, 815 S.W.2d 929 (1991); *Berry v. State*, 278 Ark. 578, 647 S.W.2d 453 (1983). The record shows that it was defense counsel's direct examination which first elicited testimony concerning drug use. Where similar evidence was previously admitted without objection, the admission of later testimony on the same subject is not prejudicial. *Hooper v. State*, 311 Ark. 154, 842 S.W.2d 850 (1992). We have refused to find prejudicial error where the evidence erroneously admitted was merely cumulative. *Griffin v. State*, 322 Ark. 206, 909 S.W.2d 625 (1995); *Bunn v. State*, 320 Ark. 516, 898 S.W.2d 450 (1995); *Gibson v. State*, 316 Ark. 705, 875 S.W.2d 58 (1994); *Snell v. State, supra.* Nor will we reverse in the absence of prejudice. *Bunn v. State, supra.*

■ Mr. Scott was responsible for bringing the matter of drug use to the attention of the jury. The evidence of which he com-

plains was merely cumulative. Under these circumstances he can show no prejudice.

Affirmed.

DUDLEY, J., not participating.