Jeffery Lee WILLIAMS *v.* STATE of Arkansas, City of Fayetteville

CR 96-146                                938 S.W.2d 547

Supreme Court of Arkansas
Opinion delivered January 27, 1997

[Petition for rehearing denied March 3, 1997.]

*Hood & Conner*, by: *Jeff R. Conner*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellees.

ROBERT L. BROWN, Justice. This appeal concerns events that transpired after this court's initial opinions in this case, following the appeal in *Williams I. See Williams v. State*, 320 Ark. 211, 895 S.W.2d 913 (1995), *reh'g granted*, 320 Ark. 230-A, 901 S.W.2d 831 (1995). We repeat the essential facts that led to *Williams I* for purposes of convenience. On October 23, 1992, appellant Jeffery Lee Williams attended a presidential campaign rally for then Governor Bill Clinton on the University of Arkansas campus at Fayetteville. During the Clinton rally, Williams and a number of supporters of then President George Bush demonstrated in favor of their candidate for president. University of Arkansas Police Officer Michael Daub observed Williams jumping up and down and pushing people who stood near him. According to Officer Daub, a fight was about to ensue. Officer Daub asked Williams to stop being disruptive and leave, but Williams refused. Officer Daub called for backup officers, and other police officers arrived, including University of Arkansas Police Officers Gary Crane and John Reid. Officer Reid observed Williams screaming to Officer Daub about his rights. Both officers saw Williams push other people. The officers advised Williams that he was under arrest, and Williams immediately sat down. Williams was then placed in a headlock, and Officer Crane applied a pain–compliance technique to force Williams to accompany them to the patrol

car. Williams stated that he did not know he was under arrest until he was placed in the headlock. He was arrested for the misdemeanor offenses of disorderly conduct (Ark. Code Ann. § 5-71-207 (Repl. 1993)), and refusal to submit to arrest (Ark. Code Ann. § 5-54-103(b) (Repl. 1993)). The municipal court found him guilty of refusal to submit to arrest. Williams appealed to circuit court, and that court also found him guilty of the offense.

In *Williams I*, Williams challenged the constitutionality of § 5-54-103(b), the refusal-to-submit-to-arrest statute under which he was convicted. That statute provides in subsection (b)(3) that it is not a defense that the law enforcement officer lacked legal authority to make the arrest. In a footnote in our initial opinion, this court observed that for purposes of the appeal in *Williams I*, the State had conceded that the arrest for disorderly conduct was illegal due to a lack of probable cause.[1] This court also observed that even though Williams had a right to be at the rally, the police officers had a colorable basis to arrest him when the disorderly conduct was committed in their presence.

We later granted rehearing, however, and a supplemental opinion was handed down. *See Williams v. State*, 320 Ark. 230-A, 901 S.W.2d 831 (1995). In the supplemental opinion, we made reference to Williams's argument that he was denied the opportunity to present evidence that no probable cause existed for his arrest, which was the first hurdle he had to jump in order to make his constitutional claims. We admitted that we had mistakenly failed to address this argument and continued as follows:

> First, the trial court was wrong in not affording Williams the opportunity to present testimony on whether probable cause existed at the time of his initial arrest. Such testimony was relevant. If probable cause did, in fact, exist, Williams' constitutional arguments are arguably preempted even if those arguments had been timely preserved. Second, the trial court compounded its error by denying Williams the opportunity to proffer testimony bearing on the probable cause issue.

---

[1] Ark. R. Crim. P. 4.1(e) speaks in terms of "reasonable cause" to arrest without a warrant in lieu of "probable cause." The two concepts will be used interchangeably for purposes of this opinion.

*Williams v. State*, 320 Ark. at 230-B, 901 S.W.2d at 832. We concluded by granting Williams's request for remand "for a full development of the facts" and added that if the constitutional issues argued by Williams are viable after development of the facts, the trial court may address them.

On July 3, 1995, the opinion granting rehearing was handed down by this court. Following the opinion, a letter from the case coordinator for the trial court dated July 26, 1995, informed the parties that Williams's municipal court appeal had been set for "trial" on September 21, 1995, with a pretrial conference set for September 18, 1995. Williams filed a motion for discovery on August 15, 1995. On September 6, 1995, Williams formally requested a jury trial. A second letter from the case coordinator dated September 11, 1995, advised counsel for the parties that a "hearing" is scheduled for September 18, 1995, at which time the trial court would "take up the issues raised by the Supreme Court in its opinion delivered July 3, 1995."

At the hearing on September 18, 1995, counsel for Williams first broached to the trial court whether it intended to conduct a probable-cause hearing. The trial court responded that it did. Williams complained that he had received no notice that this was to be an evidentiary hearing and that he wanted a jury to decide questions of fact. He added that he was unprepared to participate in an evidentiary hearing. The trial court responded that Williams had waived his right to a jury trial in the first trial, and, thus, a jury trial was barred by law of the case. Further, the trial court stated that it disagreed that the case coordinator's letters designated the proceeding as a pretrial conference. The trial court ruled that the notices to Williams were adequate and that this court had remanded the matter for a probable cause hearing relating to the arrest. The trial court then allowed the prosecutor to present his case on probable cause to arrest, over Williams's objection.

University of Arkansas Police Officer Michael Daub testified about the circumstances surrounding Williams's arrest. This testimony mirrored his testimony from the first trial, which is set out in this opinion. Counsel for Williams then informed the trial court that he was unprepared to cross-examine Officer Daub, and

he requested permission to recall Officer Daub for cross-examination at a later time. The trial court ruled that this would be counsel's only opportunity to cross-examine Officer Daub, and the trial court denied the request. The trial court did inform counsel that he could subpoena Officer Daub for later examination as part of Williams's case-in-chief. University of Arkansas Police Officer John Reid next testified for the State. He confirmed that Williams was disorderly in his presence due to pushing, shoving, and general agitation. The State rested, and the trial court continued the probable-cause hearing until September 21, 1995 — the trial date under the case coordinator's first notice. Williams again contended that he was entitled to a jury trial, but the trial court responded that it was for the trial court to decide whether probable cause existed, not a jury.

In a letter dated September 20, 1995, counsel for Williams reiterated to the trial court that he was not told that there would be a probable-cause hearing on September 18, 1995, and thought it was to be a pretrial conference. Williams objected to the trial court's jurisdiction to hold a probable-cause hearing and repeated his request for a jury trial.

On September 21, 1995, Williams moved to strike the police officers' testimony due to insufficient notice of the hearing three days earlier. The motion was denied. Counsel for Williams candidly admitted at oral argument before this court that he made a tactical decision not to call any witnesses at that time but decided to stand on his asserted due process violations for lack of notice. The trial court then concluded that the police officers had probable cause to arrest Williams for disorderly conduct. The substance of the court's order is as follows:

> Now on this 21[st] day of September, 1995, comes on for hearing the Defendant, Jeffery Williams, . . . said case being an appeal from the Fayetteville Municipal Court, and said case having been appealed to the Arkansas Supreme Court, and remanded back to this court for a determination of probable cause.
>
> The Court having been presented with testimony, statements of counsel and sufficiently advised as to all relevant matters of law and fact, finds that sufficient probable or reasonable cause

existed for the arrest of the Defendant for violating the provisions of A.C.A. § 5-71-207 [disorderly conduct].

### I. Jurisdiction to Conduct Probable-Cause Hearing

Williams first asserts that the trial court lacked authority to hold a probable-cause hearing because this court had remanded the matter for a full development of the facts, which meant a new trial. We disagree.

Contrary to Williams's assertion, there is no confusion or ambiguity in the supplemental opinion granting rehearing. It is clear from our opinion that all that was necessary to resolve the issue on remand was a hearing to determine whether probable cause existed to arrest Williams initially. We stated that if probable cause did exist, "Williams' constitutional arguments are arguably preempted even if those arguments had been timely preserved." *Williams v. State*, 320 Ark. at 230-B, 901 S.W.2d at 832. We did state that the remand to the trial court was for a "full development of the facts," but that statement was made in the context of a probable-cause hearing. Williams attempts to bolster his argument for a new trial by taking that statement out of context, but we decline to read the statement in isolation. We are also mindful of the fact that Williams never raised the issue of confusion or ambiguity regarding the remand, after we issued our supplemental opinion. He could easily have done so by a petition for rehearing.

Williams further contests this court's authority to remand for the limited purpose of a hearing on probable cause. As the State points out, the limited-remand procedure has been used in Arkansas in other instances. *See Bell v. State*, 324 Ark. 258, 920 S.W.2d 821 (1996) (remand for a new suppression hearing on voluntariness of statement because material police witness not present at first hearing); *Moore v. State*, 303 Ark. 1, 791 S.W.2d 698 (1990) (remand for a *Denno* hearing); *Harris v. State*, 271 Ark. 568, 609 S.W.2d 48 (1980) (remand for an explicit determination by the trial court on voluntariness of confession); *Hammers v. State*, 261 Ark. 585, 550 S.W.2d 432 (1977) (remand for hearing to determine whether defendant struck a deal with the prosecutor to give a statement in return for immunity).

Williams counters that this court still had no authority to grant a limited remand for a probable-cause determination. His authority for this proposition, however, is distinguishable. He first cites *State v. Garrison*, 272 Ark. 470, 615 S.W.2d 371 (1981), but that case involved a State appeal where the trial court had conducted a probable-cause hearing on the legitimacy of a charge *after* the prosecutor had filed his felony information against the accused in circuit court. We reversed the trial court's dismissal of the charge, noting that there was no authority for such a hearing when charges had already been filed by the prosecutor. Those circumstances are markedly different from the Williams facts, where the issue on remand was whether the arresting officers had reasonable cause to make a warrantless arrest for a misdemeanor offense committed in their presence. *See* Ark. R. Crim. P. 4.1(a)(iii).

Nor is the second case cited by Williams — *Holt v. State*, 300 Ark. 300, 778 S.W.2d 928 (1989) — supportive of his position. In *Holt*, the appellant appealed his conviction for DWI Fourth Offense to this court, after receiving the minimum sentence. He sought to limit our review so that he could receive no more than the minimum sentence in the event of a reversal. We concluded that to limit our review would be improper, and we affirmed. That holding, however, clearly would not preclude a limited remand in the instant case.

In short, Williams cites us to no authority that militates against a remand by this court for a probable-cause determination.

## II. Due Process

Williams next complains that he was not informed until the day of the probable-cause hearing (September 18, 1995) that evidence was to be presented. Williams may well be right that the notices to him did not sufficiently inform him that evidence was to be taken on that date. Be that as it may, this court will not reverse a trial court's ruling in such circumstances absent a showing of prejudice. *Gordon v. State*, 326 Ark. 90, 931 S.W.2d 91 (1996); *Scott v. State*, 325 Ark. 267, 924 S.W.2d 248 (1996); *Berna v. State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*,

470 U.S. 1085 (1985). Hence, the issue becomes whether any prejudice was shown, or, stated differently, whether the three-day continuance to September 21, 1995 — the date originally set for trial — cured any prejudice to Williams.

Williams claims that he was deprived of an opportunity to cross-examine the State's witnesses and to rebut what they testified to with his own witnesses. We do not believe this to be so. He did have the opportunity to submit proof, including a recall of State witnesses, on September 21, 1995. He decided not to do this for tactical reasons, according to his counsel at oral argument. We will not reverse a case when the appellant could have cured an alleged defect at the trial court level and made a conscious decision not to do so. In addition, Williams does not apprise us of what his evidence might have been. In this same vein, no proffer of that evidence was made to the trial court. *See Bennett v. State*, 307 Ark. 400, 821 S.W.2d 13 (1991).

We fail to see how Williams was prejudiced by any confusion in the notices, particularly when he was notified by letter dated July 26, 1995, that a trial would take place on September 21, 1995. We find no error in this regard.

### III. Jury Trial

For his final point, Williams contends that he was entitled to a jury trial on the issue of probable cause. Again, we find his contention to be without merit.

Williams appears to tie his argument to his point that this court's supplemental opinion remanded the case for a new trial. As is discussed under point I, we did not do so but remanded solely for a determination of probable cause. Furthermore, our criminal rules are clear that reasonable cause to arrest and detain is a matter to be determined by a judicial officer. *See* Ark. R. Crim. P. 4.1(e). This point has no merit.

Affirmed.