OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
Michael D. PYRON

CA 04-360                                                      201 S.W.3d 28

Court of Appeals of Arkansas
Opinion delivered January 12, 2005

*G. Keith Griffith*, for appellant.

*McCauley Law Firm, PLLC*, by: *Rhonda McCauley*, for appellee.

SAM BIRD, Judge. This appeal arises from the Washington County Circuit Court's December 11, 2003, dismissal of an action by the Arkansas Office of Child Support Enforcement (OCSE) to enforce a child-support order under the Uniform Interstate Family Support Act (UIFSA). OCSE appeals the part of the order granting Michael Pyron's motion to dismiss on the basis of the Arkansas statute of limitations. Additionally, OCSE appeals the December 11, 2003, denial of its motion to vacate the order of dismissal. OCSE contends that the trial court erred in failing to exercise its broad authority under Ark. R. Civ. P. 60(a) to correct non-clerical errors or mistakes so as to prevent the miscarriage of justice resulting from the application of the wrong statute of limitations, which erroneously barred collection of the child-support arrearage. We agree with the trial court that Rule 60 did not authorize granting the motion to set aside the order; thus, we affirm the trial court's decision.

Michael Pyron was granted a divorce from Elisabeth Mansson-Pyron by decree of the 237th District Court of Lubbock County, Texas, on August 3, 1987. Ms. Mansson-Pyron was awarded custody of the parties' two children, and Mr. Pyron was ordered to pay monthly support of $300 for each child, for a total of $600 a month. On August 7, 2002, pursuant to the UIFSA and at the request of the nation of Sweden, OCSE registered the support order in the Circuit Court of Washington County, Arkansas, for enforcement against Mr. Pyron. On September 9, 2002, Mr. Pyron petitioned the court to vacate the registration. Denying the allegations of child-support arrearage, Mr. Pyron affirmatively stated that he had satisfied all obligations imposed by the order sought to be registered and that the children for whom he had been ordered to pay support had achieved the age of majority.

At a hearing in the Circuit Court of Washington County on April 23, 2003, Mr. Pyron questioned the authority of the Swedish Försäkringskassan to enforce the Texas divorce decree and support order. By order of June 16, 2003, the Circuit Court of Washington County allowed registration of the Texas order, but enforcement of the registered order was denied, the issue of back support was reserved, and the petition for enforcement was dismissed without prejudice. The circuit court permitted OCSE to file subsequent pleadings for enforcement upon obtaining further proof as to the

identity of the party requesting registration, as to the party's status as a government agency, and as to the party's legal authority to request registration.

On August 25, 2003, OCSE filed a motion for modification and judgment, and it submitted documents regarding the Försäkringskassan. OCSE requested that it be allowed to proceed with enforcement, and it requested judgment in the amount of $22,871 for back support against Mr. Pyron due to Stokholm County Social Insurance Office, Sweden.

At a hearing on November 12, 2003, Mr. Pyron's counsel contended that collection of child support for both children was barred by the statute of limitations. Stating that Sweden's statute of limitations was five years, he asserted that the statute of limitations had ended in June 2000 for Charles, who had turned eighteen in June 1995, and had ended in September 2002 for Juliana, who had turned eighteen in September 1997.

The court asked, "Isn't there a statute that — do you know what the statute of limitations is under — wasn't this original order issued out of Texas?" Pyron's counsel agreed that the initial order was issued by Texas but asserted that because Sweden was seeking to enforce the order, Sweden rather than Texas was the initiating state under UIFSA. Counsel further answered the court, "So we can go with the statute of limitations of Sweden or Arkansas, which both are five years." Counsel for OCSE argued that because the issue of back support had been reserved previously, OCSE should be able to proceed for the arrearage although Juliana had turned eighteen in the time between the original filing and the subsequent motion.

The following colloquy took place between the court and counsel for OCSE:

> THE COURT: Mr. Ziser, do you agree that the statute that says that the person seeking to enforce the arrearages can use the longer of any two applicable statutes of limitations but, in this case, they're both five years?
>
> MR. ZISER: I think URESA specifically provides the longer of the two statutes are applicable.
>
> THE COURT: Do you agree that it's either Arkansas or Sweden?

MR. ZISER: Yes. I agree Sweden is the initiating State.

Noting the parties' agreement that the applicable statute of limitations was five years from the date that each child had turned eighteen, the court found that the statute had run as to the older child, Charles, in June of 2000, which was prior to the filing of the first action on August 7, 2002. The court further found that the statute of limitations on Juliana had run in September of 2002, subsequent to the filing of the registration of the judgment, but that the enforcement action had been dismissed and the statute had run prior to the filing of the new action for enforcement on August 25, 2003. The trial court granted Mr. Pyron's motion to dismiss; the resulting order of dismissal was entered on December 11, 2003.

## Rule 60(a) Motion

On January 6, 2004, OCSE filed a notice of appeal from the trial court's final order of December 11, 2003. On January 8, 2004, OCSE filed a motion and supporting brief pursuant to Rule 60 of the Arkansas Rules of Civil Procedure, asserting that the order of dismissal should be vacated "to prevent the miscarriage of justice, and correct a mistake" because the case should have been decided under the Texas statute of limitations, which has no limitation of when child support can be collected. Mr. Pyron answered that the motion to vacate should be dismissed, and he requested reimbursement for costs and attorney's fees.

At a hearing on February 10, 2004, Mr. Ziser told the court that he took full responsibility for mistakenly arguing at the prior hearing that the applicable statute of limitations was that of Sweden. He asked that the order of dismissal be set aside in order to correct an injustice, and, regarding the younger child, on the grounds that OCSE's second motion was filed before she turned eighteen. The court noted that OCSE previously had agreed that five years was the applicable statute of limitations. The court also noted that at the previous hearing OCSE had not made its argument about the second motion relating back to the first. Mr. Ziser responded that he thought he had made a reference "somewhere along the way about one of the children not having been emancipated," and he pointed out that the issue of back support had been reserved.

The court denied the Rule 60 motion, explaining as follows:

> The cases dealing with Rule 60 that speak of miscarriage of justice, speak of fraud that has been practiced on the court. . . . I see

nothing to indicate from the appellate courts that, when a party does not make the arguments they should have, that the court should allow them a second chance, once it's been decided, to come back in and make the arguments they forgot to make or didn't make because they didn't know to make them at the time. There's absolutely no doubt you would have been successful if you had made those arguments at the time. But I just do not see a provision to get a second bite at the apple in the rules or the cases interpreting them.

OCSE subsequently filed an amended notice of appeal and designation of record, appealing both the granting of Pyron's motion to dismiss and the denial of OCSE's motion to vacate, which afterward was reduced to judgment.

The issue before us on appeal is whether Rule 60 authorized the trial court to vacate its order to dismiss as a miscarriage of justice when OCSE's counsel stipulated to the application of a statute of limitations that effectively barred collection of child support. Rule 60(a) of Ark. R. Civ. P.—Civ. (2004) reads as follows:

> Relief from judgment, decree or order. (a) *Ninety-Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

In *Fritzinger v. Beene*, 80 Ark. App. 416, 97 S.W.3d 440 (2003), the circuit court granted a Rule 60(a) motion by the City of Conway to modify a judgment against it from $92,500 to $25,000, which was the city's maximum liability under Arkansas's tort immunity statutes. On appeal, we examined the phrase "to prevent the miscarriage of justice":

> Rule 60(a), as modified in 2000, allows the trial court not only to correct errors or mistakes but to "prevent the miscarriage of justice." The term "miscarriage of justice" is not limited to clerical errors. *See Lord v. Mazzanti*, 339 Ark. 25, 2 S.W.3d 76 (1999); David Newbern and John Watkins, *Arkansas Civil Practice and Procedure* § 2612 at 391, n. 3 (3d ed. 2002). A trial court has broad authority to correct non-clerical errors or mistakes so as to prevent the miscarriage of justice. *See Lord v. Mazzanti, supra.*

80 Ark. App. at 421, 97 S.W.3d at 442. We noted that the city, which initially pleaded governmental immunity from suit, could not have

known that the jury would render a verdict in excess of $25,000 until after the trial was completed. We held that the circuit court's use of Rule 60 to conform the verdict to the limits of the law was not an abuse of discretion.

*Fritzinger* is distinguishable from the case at bar because OCSE not only failed to plead what it now alleges is the appropriate statute of limitations, but it also stipulated at trial to a statute of limitations that effectively time barred its suit. A trial court's power to correct mistakes or errors is to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. *Lord v. Mazzanti*, 339 Ark. 25, 292 S.W.3d 76 (1999). We agree with Mr. Pyron that here, OCSE is asking that the record be made to speak something that it did not speak, not merely to clarify the previous order.

In his brief to this court, Mr. Pyron reasserts the request he made to the circuit court for an award of attorney's fees and costs under Rule 11 of Ark. R. App. P.—Civ. The request was not granted by the trial court. Because appellee seeks affirmative relief and did not file a cross appeal, he is precluded from raising this argument on appeal. *Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995).

Affirmed.

ROBBINS and ROAF, JJ., agree.