OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
Michael D. PYRON

05-86                                    215 S.W.3d 637

Supreme Court of Arkansas
Opinion delivered October 13, 2005

G. *Keith Griffith*, for appellant.

*Rhonda Ann Jones-McAuley*, for appellee.

BETTY C. DICKEY, Justice. The Office of Child Support Enforcement (OCSE) appeals the denial of its motion to vacate the dismissal of its motion to enforce a child-support order under the Uniform Interstate Family Support Act (UIFSA). OCSE's sole issue on appeal is that the circuit court erred in failing to exercise its broad authority under Arkansas Rules of Civil Procedure 60(a) to correct nonclerical errors or mistakes so as to prevent a miscarriage of justice after it mistakenly stipulated to a statute of limitations that barred collection of child support. We find no error and affirm.

Michael Pyron and Elisabeth Mansson-Pyron were divorced in Lubbock County, Texas, on August 3, 1987. Ms. Mansson-Pyron was awarded custody of their two children: Charles, who was born June 1, 1977; and, Juliana, who was born September 26, 1979. Mr. Pyron was ordered to pay monthly child support of $300 per child, totaling $600 a month. On August 7, 2002, pursuant to UIFSA and at the request of the Swedish Försäkringskassan, OCSE registered the child-support order in the Circuit Court of Washington County, Arkansas.

On September 9, 2002, Mr. Pyron petitioned the circuit court to vacate the registration of the support order, and he denied the alleged child-support arrearage. He claimed that he had satisfied his obligations imposed by the order and that his children, for whom he had previously been ordered to pay support, had reached the age of majority. Mr. Pyron later filed a motion for summary judgment, asserting that OCSE failed to make an adequate showing that Försäkringskassan was a competent authority under the laws of Sweden to enforce the support order.

After hearing the motion for summary judgment on April 23, 2003, the circuit court allowed registration of the Texas support order on June 16, 2003, but it denied enforcement of the order. Additionally, the issue of back support was reserved, and the petition for enforcement was dismissed without prejudice. OCSE was permitted to file subsequent pleadings to enforce the Texas support order upon a showing that Försäkringskassan had the authority to request registration and was acting on behalf of the Swedish government.

On August 25, 2003, OCSE filed a motion for modification and judgment, with supporting documents showing that

Försäkringskassan legitimately maintained authority to register the Texas support order on behalf of Sweden. OCSE requested that it be allowed to proceed with enforcement, and it sought judgment in the amount of $22,871, the amount that the Swedish government had paid Ms. Mansson-Pyron for back child support due from Mr. Pyron. In response, Mr. Pyron filed a motion to dismiss, contending that the statute of limitations had expired for recovery of child support in both the responding state (Arkansas) and the initiating state (Sweden).

On November 12, 2003, the circuit court heard Mr. Pyron's motion to dismiss. Counsel for Mr. Pyron argued that collection of child support for both children was barred by Sweden's five-year statute of limitations. He noted that the statute of limitations ended in June 2000 for Charles, who turned eighteen in June 1995, and ended in September 2002 for Juliana, who turned eighteen in September 1997. When the court questioned whether Texas's statute of limitations should control, Mr. Pyron's counsel stated that, although the initial support order was issued by Texas, Sweden was the initiating state under UIFSA[1] because Sweden was the one seeking to enforce the support order, and, thus, "we can go with the statute of limitations of Sweden or Arkansas, which both are five years."

In response, counsel for OCSE asserted that the statute of limitations did not bar recovery with respect to the younger child, Juliana. Counsel argued that the original notice of registration was filed on August 7, 2002, before Juliana turned twenty-three, so the issue of back support was reserved, thereby allowing OCSE to proceed for the arrearage even though Juliana had turned twenty-three before the subsequent enforcement action was filed on August 25, 2003.

In determining the applicable statute of limitations, the following colloquy took place between the court and counsel for OCSE:

> THE COURT: Mr. Ziser, do you agree that the statute that says that the person seeking to enforce the arrearages can use the longer of any two applicable statutes of limitations but, in this case, they're both five years?

---

[1] The record shows that counsel for OCSE and Mr. Pyron both referred to URESA, however, in reviewing the context of such references, it is clear that each intended to refer to UIFSA.

Mr. Ziser: Well, I think URESA specifically provides the longer of the two statutes are applicable.

The Court: [D]o you agree that it's either Arkansas or Sweden?

Mr. Ziser: Yes.

The Court: Because the information you provided did say in Sweden it's five years.

Mr. Ziser: I agree Sweden is the initiating State.

The circuit court granted Mr. Pyron's motion to dismiss after it noted that both parties agreed that the applicable statute of limitations was five years from the date that each child had turned eighteen. In support of its dismissal, the court found that the statute of limitations had expired in June of 2000 for Charles, which was prior to the filing of the first action on August 7, 2002. The court further found that the statute of limitations had expired in September of 2002 for Juliana, explaining that the effect of the dismissal on June 16, 2003, was that the statute had run prior to the filing of the new action for enforcement on August 25, 2003.

On January 6, 2004, OCSE filed a notice of appeal from the circuit court's order of dismissal. On January 8, 2004, OCSE filed a motion requesting that the circuit court vacate its order to dismiss, pursuant to Arkansas Rules of Civil Procedure 60(a), in order "to prevent the miscarriage of justice, and to correct a mistake" on OCSE's behalf. OCSE contended that because the court failed to apply the laws of Texas, which does not apply a limitations for collection of child support, the dismissal based on the use of the five-year limitations under Arkansas or Swedish law resulted in a "clear miscarriage of justice."

At a hearing on February 10, 2004, after counsel for OCSE admitted that he had mistakenly argued that the applicable statute of limitations was that of Sweden, the court denied OCSE's Rule 60 motion. The circuit court reasoned as follows:

> [C]lients are bound by the statements of their attorneys. And since he [OCSE's counsel] stated in the hearing, that [the] applicable statute of limitations was five years, I don't think that under any circumstances that he's allowed to come back in and argue that. If that were allowed, then there would never be any finality to any case, because people would be coming back in and thinking up new arguments.

. . . .

> The cases dealing with Rule 60 that speak of miscarriage of justice, speak of fraud that has been practiced on the court. . . . But I see nothing to indicate from the appellate courts that, when a party does not make the arguments they should have, that the court should allow them a second chance, once it's been decided, to come back in and make the arguments they forgot to make or didn't make because they didn't know to make them at the time. . . . [T]here's absolutely no doubt you would have been successful if you had made those arguments at the time. But I just do not see a provision to get a second bite at the apple in the rules or the cases interpreting them.

OCSE appealed to our court of appeals, and that court affirmed the circuit court's decision. *See Office of Child Support Enforcement v. Pyron*, 89 Ark. App. 161, 201 S.W.3d 28 (2005). OCSE grounded its appeal on Rule 60(a), maintaining that the circuit court should have exercised its discretion to prevent a miscarriage of justice by applying Texas's statute regarding enforcement of the child support order. To support its claim, OCSE cited *Fritzinger v. Beene*, 80 Ark. App. 416, 97 S.W.3d 440 (2003), where the court of appeals affirmed a circuit court order granting a Rule 60(a) motion by the City of Conway to modify a judgment against it from $92,500 to $25,000, which was Conway's maximum liability under Arkansas's tort immunity statutes. The court of appeals distinguished *Fritzinger*, stating that OCSE failed to plead what it now alleges is the appropriate statute of limitations, and it also stipulated at trial to a statute of limitations that effectively time barred its suit. In affirming the circuit court, the court of appeals relied on this court's language in *Lord v. Mazzanti*, 339 Ark. 25, 2 S.W.3d 76 (1999), where we stated that a court's power to correct mistakes or errors is to make the record speak the truth, not to make it speak what it did not speak but ought to have spoken.

We granted OCSE's petition for review. When this court grants a petition to review a decision of the court of appeals, we review the matter as if the appeal had been originally filed in this court. *See Lewellyn v. Lewellyn*, 351 Ark. 346, 93 S.W.3d 681 (2002).

We turn to the merits of this case and to the question of whether the circuit court erroneously denied OCSE's Rule 60(a) motion to vacate the circuit court's dismissal of OCSE's

motion to enforce a support order. Both parties agree that the standard of review of the denial of the Rule 60(a) motion is an abuse-of-discretion standard. *Carter v. Carter*, 303 Ark. 70, 71, 792 S.W.2d 597, 597 (1982).

OCSE first maintains that the appropriate statute of limitations is that of Texas, because in UIFSA arrearage proceedings, the applicable statute of limitations is that of Arkansas or the state issuing the child-support order, whichever is longer. Ark. Code Ann. § 9-17-604(b) (Repl. 2004). The statute of limitations applied in Arkansas is five years, which permits recovery of child support arrearage until the child for whom support has been ordered reaches the age of twenty-three. Ark. Code Ann. § 9-14-236 (Repl. 2004). Texas, on the other hand, does not provide for a statute of limitations for recovery of child support arrearage. Tex. Fam. Code Ann. § 157.005 (Repl. 2004).[2] Thus, according to OCSE, because Texas's statutory period of recovery is longer, it should govern.

OCSE contends that regardless of whether it mistakenly stipulated to what it now believes is the wrong statute of limitations, the circuit court erred by not using its broad discretion under Rule 60(a) to prevent a miscarriage of justice by applying Tex. Code Ann. § 157.005. Rule 60(a) provides relief from a judgment, decree, or order and reads as follows:

> (a) *Ninety-Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

Ark. R. Civ. P. 60(a) (Repl. 2004).

OCSE relies on the court of appeals' decision in *Fritzinger, supra*, but that reliance is misplaced. In *Fritzinger*, the appellant was injured by the negligence of the operation of a city-owned garbage

---

[2] The Texas legislature amended § 157.005 on June 18, 2005, which currently limits recovery of child support arrearage. At the time of the filing of this action, that statute reads as follows: The court retains jurisdiction to confirm the total amount of child support arrearage and render judgment for past-due child support until the date all current child support and medical support and child support arrearage, including interest and any applicable fees and costs, have been paid.

truck by an employee of the City of Conway. Conway raised immunity as a defense during discovery, but after a trial, the jury awarded the appellant $92,500. Thirty days later, the City of Conway moved, pursuant to Rule 60(a), to modify the judgment amount to $25,000, the amount of the city's maximum liability under Arkansas's tort immunity statutes. The circuit court, which the court of appeals affirmed, reduced the judgment accordingly, even though the issue of tort immunity was not raised during the trial. Therefore, OCSE claims that this court should apply what OCSE now believes is the proper statute of limitations, even though it was not argued before dismissal.

██ ██ The *Fritzinger* case is inapposite. As the court of appeals properly noted, the city of Conway asserted governmental immunity from the time it filed its first pleading, and the city could not have known that the jury would render a verdict in excess of $25,000 until after the trial was completed. OCSE, however, never pleaded that the applicable statute of limitations was governed by Tex. Code Ann. § 157.005 until after the suit was dismissed. Despite this, OCSE went even further by stipulating that the applicable statute of limitations was five years.

We recognize that there was some confusion with the interpretation of Rule 60(a) from both the circuit court and court of appeals. When discussing the term "miscarriage of justice," the trial judge said, "[t]he cases dealing with Rule 60 that speak of miscarriage of justice, speak of fraud that has been practiced on the court." Misrepresentation or fraud is a valid ground for setting aside a judgment, however, that remedy falls under Rule 60(c). Similarly, the court of appeals relied on our language in *Lord*, 339 Ark. at 29, 2 S.W.3d at 79, where we said, "a trial court's power to correct mistakes or errors is to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." There, the quoted language specifically focused on Rule 60(b) and references the preceding sentence in the opinion in which we observed that "trial courts may correct clerical errors at any time." *Lord*, 339 Ark. at 29, 2 S.W.3d at 78-79 (emphasis omitted).

██ ██ Notwithstanding, this court will affirm a trial court when it has reached the right result, even if for the wrong reason. *See Ouachita Trek & Dev. Co. v. Rowe*, 341 Ark. 456, 17 S.W.3d 491 (2000); *State of Washington v. Thompson*, 339 Ark. 417, 6 S.W.3d 82 (1999)); *Malone v. Malone*, 338 Ark. 2, 991 S.W.2d 546 (1999);

*Dunn v. Westbrook*, 334 Ark. 83, 971 S.W.2d 252 (1998); *Balentine v. Sparkman*, 327 Ark. 180, 937 S.W.2d 647 (1997); *Marine Servs. Unlimited, Inc. v. Rakes*, 323 Ark. 757, 918 S.W.2d 132 (1996). OCSE's attorney admitted that he stipulated to the wrong statute of limitations, and filed a Rule 60(a) motion to vacate the circuit court's prior dismissal so as to prevent a miscarriage of justice. The circuit court exercised its discretion in denying that motion, finding that attorney error such as this does not warrant relief under Rule 60(a). After a careful review of this matter, we cannot say that under these circumstances the circuit court abused its discretion in denying OCSE's motion to vacate its prior dismissal. Accordingly, we affirm the circuit court.

█ Finally, in his brief to this court, Mr. Pyron requests an award of attorney's fees and costs under Rule 11 of the Arkansas Rules of Civil Procedure. He points out that he sought such relief below, but the circuit court denied the request. Our case law is well settled that a notice of cross-appeal is required when the appellee seeks affirmative relief that was not granted in the lower court. *See Hoffman v. Gregory*, 361 Ark. 73, 204 S.W.3d 541 (2005); *Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995); *Edwards v. Neuse*, 312 Ark. 302, 849 S.W.2d 479 (1993); *Pledger v. Illinois Tool Works, Inc.*, 306 Ark. 134, 812 S.W.2d 101 (1991); *Egg City of Arkansas, Inc. v. Rushing*, 304 Ark. 562, 803 S.W.2d 920 (1991); *Enclare, Inc. v. Gocio*, 267 Ark. 605, 593 S.W.2d 159 (1980); *Moose v. Gregory*, 267 Ark. 86, 590 S.W.2d 662 (1979). Because Mr. Pyron seeks affirmative relief that was not granted below and did not file a cross-appeal, he is precluded from raising this argument on appeal.

Affirmed.