SLIP OPINION

Cite as 2015 Ark. App. 311

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–368

| | |
|---|---|
| TAMMY WILCOXON<br>APPELLANT | **Opinion Delivered** May 13, 2015 |
| V. | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT<br>[NO. DR–2011-98-2] |
| WILLIAM TONY THOMAS<br>APPELLEE | HONORABLE KENNETH JOHNSON, JUDGE |
| | REVERSED AND REMANDED TO REINSTATE ORIGINAL DECREE; CROSS-APPEAL DISMISSED AS MOOT; MOTION TO DISMISS DENIED |

**BART F. VIRDEN, Judge**

Tammy Wilcoxon appeals from an order modifying a divorce decree. The issue we must first decide is whether the circuit court erred in amending its original order in light of Arkansas Rule of Civil Procedure 60(a) (2010). We hold that under Rule 60(a) the circuit court abused its discretion, and we reverse its ruling.

I. *Facts and Procedural History*

On October 1, 2012, the circuit court tried the divorce case of the parties. Following the trial, the circuit court conducted a phone conference with the attorneys for the parties concerning various issues relating to the decree. Believing all the parties were in agreement, the circuit court entered the divorce decree on October 18, 2012, in which it determined that Wilcoxon was not entitled to additional alimony payments because she failed to meet a

SLIP OPINION

condition precedent included in the antenuptial agreement. The order also set child-support payments and visitation. The decree was not signed by Wilcoxon and was inadvertently faxed to the wrong number.

On December 14, 2012, Wilcoxon filed a motion to set aside the divorce decree. In her motion she claimed that her attorneys had no reason to believe that an order had been provided to the court or that a signed decree could have been filed. Wilcoxon asserted that on November 20, 2012, thirty-two days after the decree had been filed, she received the first notice from Thomas's attorneys that an order had been entered.   She asserted that Rule 60(a) "provides that in order 'to correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties within ninety days of its having been filed with the clerk'" and that "allowing this order to be controlling over the parties will . . . be a miscarriage of justice."

On January 2, 2013, Wilcoxon filed a motion for extension of time to file her appeal. In her motion she asserted that she contacted the clerk of the court in person and by phone several times over the course of October and November, and she was told in error that an order had not been entered. Thomas contradicts this assertion in his response brief.  Thomas argues that in the first week of November, he and his ex-wife discussed the issue of whether health insurance premiums would be included in child-support payments. He asserted that when Wilcoxon said she did not have a copy of the decree, he told her to contact her attorney.

2

In his brief in opposition to the motion to set aside the decree, Thomas also claims that he sent both a letter and an email on November 15 (the notice of appeal was due November 18) explaining that an order had been entered:

> While Ms. Gattis would like to give the impression that she was not retained until after the appeal time expired (November 18), that is not true. She contacted Defendant's lawyer by letter dated November 13. The undersigned immediately wrote her back by email and mail dated November 15, 2012, prior to the expiration of the time for appeal. In the email correspondence, Ms. Gattis was told that an order had been entered. A copy of the order was mailed to her.

On January 7, 2013, the circuit court held a hearing on Wilcoxon's motion to set aside the divorce decree. On January 18, 2013, ninety-two days after the original order, the circuit court denied Wilcoxon's motion to extend time for filing and her motion to set aside the decree of divorce, and it entered an amended decree of divorce. In the order, the circuit court cited Rule 60 generally, not identifying precisely which subsection it was relying upon:

> Pursuant to Rule 60 of the Arkansas Rules of Civil Procedure, the Court on its own motion, hereby amends the original decree entered of record on October 18, 2012, to correct a mistake. The Court intended to include an order which provided that the parties would equally share in the cost of health insurance premiums for major medical, dental and vision presently covering the minor child which the Plaintiff has through her employer and that the parties shall equally share in the cost of all uncovered medical expenses for the minor child. This Order will be retroactive back to the date of October 18, 2012.

Thomas argues that Arkansas Rule of Civil Procedure 60 did not confer to the court the authority to modify the decree of divorce.[1] We agree.

---

[1] In his response brief Thomas cross–appeals, asking that the court remand the case to allow him to request attorney's fees.

3

SLIP OPINION

II. *Standard of Review*

It is within the discretion of the circuit court to determine whether it has jurisdiction under Rule 60 to set aside a judgment, and the question on appeal becomes whether there has been an abuse of that discretion. *Watson v. Connors*, 372 Ark. 56, 57, 270 S.W.3d 826, 828 (2008). In an appellate court's review of a circuit court's order to determine whether there has been an abuse of discretion, the appellate court will not substitute its own decision for that of the circuit court but will merely review the case to see whether the decision was within the latitude of decisions which a judge or court could make in a case. *Scales v. Vaden*, 2010 Ark. App. 418, 376 S.W.3d 471.

III. *Arkansas Rule of Civil Procedure 60(a)*

Arkansas Rule of Civil Procedure 60(a) concerns the circuit court's ability to modify an order due to mistake:

> (a) Ninety-Day Limitation. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

As we set forth above, the circuit court entered a new order on January 18, 2013, in which it stated, "Pursuant to Rule 60 of the Arkansas Rules of Civil Procedure, the Court on its own motion, hereby amends the original decree entered of record on October 18, 2012, to correct a mistake." Subsection (a) governs the correction of mistakes within ninety days. As the amended order was entered past the ninety-day time limit, subsection (a) cannot apply here. However, the circuit court also states in its order that the amendment deals with the disposition of issues that it intended to include in the original order, which indicates that

4

it might have intended to amend the order pursuant to subsection (b) of Rule 60.

IV. *Arkansas Rule of Civil Procedure 60(b)*

Subsection (b) permits the court to correct clerical errors at any time. In *Linn v. Linn*, 99 Ark. App. 407, 261 S.W.3d 471 (2007), this court held that Rule 60(b) did not allow the circuit court to correct an error very similar to the one in the present case because the error was not clerical in nature. In *Linn*, the appellee did not realize that the divorce decree entered by the circuit court awarded a strip of land to her ex-husband that prevented her from accessing the road from her land. She voiced no objection when the order was entered but then later discovered the error. After some disagreement about the enforcement of the decree, the circuit court ordered mediation. The parties reached an agreement, and the memorandum of understanding was adopted into an amended divorce decree on April 21, 2005. Problems arose again, and after another hearing the circuit court entered a final order dated August 25, 2006, that declared the division of land was in error due to a mistake in the survey, and the strip of land in dispute now belonged to the appellee. Our court held that,

> [t]he only possible basis for the circuit court's jurisdiction under Rule 60 is contained in subsection b, which permits the trial court, at any time, to "correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising form oversight or omission." The trial court seemed to rely on this subsection, based on its reference in the amended order to "errors" in the divorce decree and the survey.

*Id*. at 411–12, 261 S.W.3d at 474-75. Our court in *Linn* goes on to distinguish the mistake in that case from clerical errors:

> However, the amended order did not correct any "errors" of the type contemplated by Rule 60(b). The 2005 decree contained no clerical mistake, such as an inaccurate mathematical calculation or misidentification of a party by the court. Nor

SLIP OPINION

was there an oversight or omission in the 2005 decree, in the sense that the trial court inadvertently failed to set out a matter it originally intended to include. Further, the amended order did not merely clarify or interpret the 2005 decree. Rather, the court went beyond these parameters and supplemented the prior decree by deciding issues that were not previously before it, *and which the parties had never agreed upon* . . . Essentially, the court tried to reform or re-write the parties' independent property-settlement agreement and mediation agreements, which were incorporated in the prior decree to include these new features.

*Id*. (emphasis added). Similarly, in the present case the circuit court cites "mistake" as the ground for amending the order. The circuit court describes the mistake as an omission of the disposition of matters it meant to include in the original order. This is not accurate. Instead, the circuit court entered an order it mistakenly believed all parties agreed upon but nonetheless was the order that it fully intended to enter. After the error was brought to light, the circuit court amended its order. The error was not an inadvertent omission on the circuit court's part. The circuit court's mistaken belief that the parties agreed defines the error here, and that error is not clerical in nature. In the circuit court's letter to the attorneys for the parties, dated October 3, 2013, it explains how the original order came to be entered:

> At the request of counsel, the Court conducted a phone conference shortly after the October 1, 2012 hearing concerning the above stated issue [antenuptial agreement]. Unfortunately this phone conference was not reported and only involved the Court and two attorneys then representing the parties. As a result of that conference, the Court, believing the parties were in total agreement, signed a Decree of Divorce on October 15, 2012 which was entered of record on October 18, 2012.

The circuit court goes on to explain that when it realized the parties disagreed and there was some confusion as to when Wilcoxon was made aware of the order, it entered an amended order:

> When Plaintiff retained new counsel and issues were raised concerning sufficient actual notice to Plaintiff and the opportunity of Plaintiff to review the Decree, this Court

entered an Amended Decree of Divorce incorporating the terms of the original Decree.

By the circuit court's own characterization, the error was not clerical and did not fall under Rule 60(b). Wilcoxon correctly identified the error as falling under Rule 60(a), mistake, in her motion to set aside the order; therefore, the circuit court had no jurisdiction to enter an amended order after the ninety-day time limit. Thomas's cross-appeal is rendered moot. In light of our opinion herein, Thomas's motion to dismiss appeal is denied.

Reversed and remanded to reinstate original decree; cross–appeal dismissed as moot; motion to dismiss denied.

GRUBER and WHITEAKER, JJ., agree.

*Owings Law Firm*, by: *Tammy B. Gattis*, for appellant.

*Laurie A. Bridewell*; and
*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.