Cite as 2024 Ark. App. 285

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-356

| | | |
|---|---|---|
| BONNIE MONK | | Opinion Delivered May 1, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CV-22-473] |
| V. | | |
| UNION COUNTY INDUSTRIAL BOARD | | HONORABLE JIM F. ANDREWS, JR., JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Bonnie Monk appeals the February 3, 2023 order of the Union County Circuit Court that granted an easement by default judgment in favor of the Union County Industrial Board (UCIB) as well as the orders striking Monk's untimely answer to the complaint and denying her motion under Arkansas Rule of Civil Procedure 60 (2023) to have the default judgment set aside. She argues that the default judgment is void and should be set aside for failure to describe an easement with particularity and that the circuit court erred in not granting a hearing on her Rule 60 motion to review the default judgment to cure the void order. We affirm.

I. *Facts and Procedural History*

The UCIB, a public entity formed by the government of Union County, Arkansas, for the purpose of promoting industrial development in southern Arkansas, filed a

complaint on October 18, 2022, which sought to establish a prescriptive easement over a roadway on property located in Union County and owned by Monk. It is undisputed that the roadway in question has been in existence for many years, is clearly known to both parties, and has been used by the owners of both the UCIB property and Monk's property for decades without any question as to its location. UCIB's complaint reads in relevant part:

5. UCIB owns a tract of approximately 247 acres of land located in Section 14, Township 17 South, Range 15 West, Union County, Arkansas. The property is used for producing aggregate materials for use in road construction and economic development projects. The only means of access from Champagnolle Road, the nearest public roadway, to the property owned by UCIB is across a narrow dirt road part of which traverses the Northeast Quarter of the Southwest Quarter of Section 14, Township 17 South, Range 15 West owned by Defendant Monk.

6. The dirt roadway in question has been used by UCIB and its predecessors in title for many decades as the sole means of access to its property.

7. Defendant Monk has erected a gate across the roadway and is denying the use of the road as a means of access by UCIB to its public real estate.

8. The use of the roadway by UCIB for more than thirty (30) years has been open, notorious, conspicuous, and adverse and has developed into a prescriptive right in UCIB to use the roadway.

9. UCIB should be granted a declaratory judgment holding that the roadway in question is subject to a prescriptive easement allowing the use thereof by UCIB and others accessing this public property.

10. Further, Defendant Monk should be enjoined from further interference with the use of the dirt road as a means of access to the UCIB property. UCIB requests that a temporary restraining order, temporary injunction and permanent injunction be issued against Defendant Monk as UCIB has no other means of access to its property and therefore has no adequate remedy of law and will otherwise suffer irreparable harm as a result of the intentional blocking of the road by Defendant Monk.

WHEREFORE, Plaintiff, Union County Industrial Board, prays that the court enter a declaratory judgment holding that Plaintiff has a prescriptive right to the use of the roadway in question against the real estate owned by Defendant Monk and granting a temporary restraining order, temporary injunction and permanent injunction restraining Defendant Monk from further interference with Plaintiffs use of the roadway, for its reasonable attorney's fees and all costs herein expended, and for all other just and proper[] relief to which Plaintiff may be entitled.

The complaint and summons were personally served on Monk by Lieutenant Erick Meadows with the Union County Sheriff's Office on October 23, and the return summons was filed on October 24.

Monk did not file a timely answer, and the UCIB moved for default judgment on December 2. On December 5, a default judgment was entered by the circuit court. Monk maintains that she was not served with the motion for default judgment in such a way that she could appear and request that a definitive easement be set out across her property, but when she received the documents, the issue regarding the lack of description of the easement as entered became apparent.

Monk retained an attorney, and on January 18, 2023, she filed a motion for relief from the default judgment, stating defenses and citing Arkansas Rule of Civil Procedure 60(a), asking for the judgment to be set aside due to deficiencies: the order "does not specifically lay out [metes] and bounds, nor the purpose and scope of said use, as well as a lack of proof of necessity or establishment of all elements necessary for a prescriptive easement." Her motion was filed within the ninety-day time limit identified by Rule 60(a), which provides for the vacation, modification, rehearing or other relief from an order as follows:

(a) *Ninety-Day Limitation*. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order, decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the Clerk.

A response to Monk's motion was filed by the UCIB on January 23, and on January 24, Monk filed a belated answer to UCIB's original complaint citing and reserving all applicable defenses. On January 25, UCIB moved to strike Monk's answer.

On February 3, Monk filed a response to UCIB's motion to strike her answer, arguing that the circuit court had erred in granting the default judgment; she also filed a motion for reconsideration thereof. UCIB filed a response to her motion on the same day.

Also on February 3, an order on motions was filed by the circuit court in which it denied Monk's motion for relief from the default judgment, denied her subsequent motion for reconsideration, and granted the motion to strike her belated answer to UCIB's complaint. The circuit court found that Monk had been properly served with process, was in default, and was not entitled to relief under Rule 60(a). The circuit court further ruled that Monk had failed to plead any basis for setting aside the default judgment under Arkansas Rule of Civil Procedure 55(c) (2023). Monk timely filed a notice of appeal on February 24.

## II. *Discussion*

A. Did the Circuit Court Err in Granting a Default Easement Without a Particular Description of the Scope, Location, Width, or Burden on the Subservient Tenant?

Rule 55 of the Arkansas Rules of Civil Procedure governs default judgments, with subsection (a) providing:

4

(a) *When Entitled.* When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court.

Subsection (c) provides the means for setting aside default judgments:

(c) *Setting Aside Default Judgments.* The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Our standard of review for an order denying a motion to set aside a default judgment depends on which grounds the appellant claims the default judgment should be set aside. *Wester v. Wester*, 2024 Ark. App. 156, 686 S.W.3d 52. When an appellant claims that the default judgment is void, we conduct a de novo review and give no deference to the circuit court's ruling because the matter on appeal is a question of law. *E.g.*, *Bell v. Bell*, 2023 Ark. App. 246, 666 S.W.3d 874; *see also Glover v. Glover*, 2020 Ark. App. 89, 595 S.W.3d 54. In all other challenges to the denial of a motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Wester, supra.*

Monk argues that the default judgment is void because the easement granted therein cannot be located with any particularity: it cannot be located by metes and bounds, and it essentially gives an easement across any and all portions of Monk's forty-acre tract. She notes that a court order may be set aside under Rule 60 if it is void, or it can be remanded to the circuit court for proper modification of any existing deficiencies.

Monk points out that this issue was brought to the attention of the circuit court by her motion and reiterates that she was not served with UCIB's motion for default judgment in such a way that she could appear and request that a definitive easement be set out across her property. Yet Monk also specifically acknowledges that she was properly served with the complaint, albeit while she was suffering from COVID-19, and concedes that she did not file a timely answer.

Monk submits that the issue before us is whether the easement is valid, and she requests that we either remand this matter for correction or declare the default judgment void due to the inadequacy of the description of the easement. She maintains that a careful review of the default judgment shows that it clearly fails to define the size, scope, or burden of the easement on Monk's property as the subservient tenant; moreover, it fails to establish how such easement was established.

Monk submits that this court should remand this matter to determine whether the easement was one of necessity or prescription or whether it even exists at all. She contends that UCIB owns property on two sides of her real property tract and that it is asserting an easement across her property simply for convenience purposes. She argues that the default judgment grants an easement that could be as wide as the entire forty-acre tract, fails to define the burdens of such easement, and includes no provision explaining when the easement could be declared to be overburdened in the future in such a way that the easement could be set aside if ever challenged as exceeding the scope of the easement. Monk notes that an order dealing with real property must be described with sufficient specificity that it may be

identified solely by reference to the order. *See Petrus v. Nature Conservancy*, 330 Ark. 722, 957 S.W.2d 688 (1997); *see also Riddick v. Streett*, 313 Ark. 706, 858 S.W.2d 62 (1993); *Harris v. Robertson*, 306 Ark. 258, 813 S.W.2d 252 (1991).

Monk also claims that the default judgment is void because the record fails to establish the necessary elements of a prescriptive easement. She submits that the circuit court's failure to create a record that could give rise to a legal description of an easement as to what exactly has been possessed by prescriptive easement would require findings of fact sufficient to grant a legal description across the property and that this matter should therefore be remanded to remedy this issue. *See, e.g.*, *Johnson v. Jones*, 64 Ark. App. 20, 977 S.W.2d 903 (1998); *see also Rice v. Whiting*, 248 Ark. 592, 452 S.W.2d 842 (1970); *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997).

We disagree. Because Monk purposely decided not to contest UCIB's complaint, the allegations of the complaint are taken as admitted. Ark. R. Civ. P. 8(d) (2023); *see, e.g.*, *Jean-Pierre v. Plantation Homes of Crittenden Cnty., Inc.*, 350 Ark. 569, 89 S.W.3d 337 (2002). There is no allegation that service was defective. To the contrary, the record reveals that Monk was personally handed the complaint by a deputy sheriff with the Union County Sheriff's Office, and she expressly declined to "do anything about" the suit. Although Monk's "health issues" are mentioned in her pleadings, she makes no genuine argument that her default was the result of excusable neglect or mistake. Accordingly, the default judgment is valid and is in no sense "void." *Solis v. State*, 371 Ark. 590, 269 S.W.3d 352 (2007); *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996).

7

Rule 60 is inapplicable because it specifically refers to matters relating to default judgments pursuant to Rule 55(c), and none of the grounds for relief provided in Rule 55(c) are present in this case. Monk's complaint about a lack of a metes-and-bounds description of the roadway in question arose after she failed to file a timely answer in the proceedings. Monk's statement of case and facts states, "When Ms. Monk received said Motion for Default Judgment and read the document, it was apparent that there was an issue about the easement, as entered." UCIB's complaint specifically alleged that the "dirt roadway in question has been used by UCIB and its predecessors in title for many decades as the sole means of access to its property." The motion for default judgment was filed on December 2, 2022, some forty-seven days before Monk filed her motion for relief from the default judgment on January 18, 2023. There is no basis in the pleadings or the facts for concluding that Monk was prejudiced by mistake, inadvertence, surprise, or excusable neglect as required in Rule 55(c).

We hold that Monk's assertion that the default judgment is "void" is misplaced. She provides no support for her allegation that a default judgment that was entered legally, based on effective service of process, and unaffected by fraud or mistake—such as the one in question—is void. And lawful default judgments are as valid and enforceable as judgments after trial. *Meisch v. Brady*, 270 Ark. 652, 606 S.W.2d 112 (Ark. App. 1980). In this case, UCIB's complaint alleged that a single narrow dirt roadway leading from a public road across Monk's property and onto the UCIB property has existed for decades and has been used regularly, without permission, and under a claim of right as the only reasonable means of

access to the UCIB property. Because all these averments are deemed admitted in this case, Monk's belated objections about the description of the road in the default judgment do not eliminate or otherwise save her from those admissions.

B. Lack of Hearing on Monk's Rule 60 Motion to Review the Default Judgment

Orders regarding Rule 60 are reviewed under an abuse-of-discretion standard. *Hawkins v. Willis for Snow Cemetery Ass'n*, 2022 Ark. App. 249, 646 S.W.3d 257. Rule 60 governs the manner in which a void order is corrected. Monk filed a motion as well as a belated answer asking for the default judgment to be set aside within the ninety-day time limit identified in Rule 60(a). Monk submits that the circuit court erred in denying her motion and not setting the matter for a hearing to establish a record as to the size of the easement, the burden it would place on her, and whether the easement was properly prescribed due to the lack of a record on how long the alleged easement had been in use.

Monk asks that we remand this matter to the circuit court, set aside the order granting the easement, and require strict proof of all elements of a prescriptive easement, such as size, scope, and burden, as required by case law.

We hold that the circuit court properly denied Monk's Rule 60 motion to set aside the default judgment, noting that Rule 60(c), in its express language, does not apply to default judgments:

(c) *Grounds for Setting Aside Judgment, Other Than Default Judgment, after Ninety Days*. The Court in which a judgment, *other than a default judgment* [which may be set aside in accordance with Rule 55(c)], has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court to vacate or modify such judgment or order[.]

9

(Emphasis added.)

Rule 60(a) applies to mistakes that a circuit court may correct to make the judgment conform to action taken at the circuit court level. *See First Nat'l Bank of Lewisville v. Mayberry*, 368 Ark. 243, 244 S.W.3d 676 (2006). The rule's purpose is not to permit action that the court should have taken but, in fact, did not take. *See Hawkins*, *supra*; *Scales v. Vaden*, 2010 Ark. App. 418, 376 S.W.3d 471.

There is no basis under Rule 60 for this court to vacate the order of default judgment, which is the only claim pled in Monk's motion challenging the order. *See Wilcoxon v. Thomas*, 2015 Ark. App. 311, 462 S.W.3d 705. Monk did not request that the default judgment be modified or amended to include a description of the roadway in question that is more acceptable to her. The sole relief she requested was that the default judgment be set aside and held void. Because the default judgment is not void, its operative effect on the admissions resulting from Monk's failure to file a timely answer remain legally in effect and are not subject to being vacated. The circuit court properly denied Monk's attempt to misapply Rule 60 notwithstanding the total absence of any basis for concluding that the default judgment in this case is void.

Affirmed.

KLAPPENBACH and GRUBER, JJ., agree.

*F. Mattison Thomas III*, for appellant.

*Gary R. Burbank*, for appellee.