2010 Ark. App. 418

**Sammy SCALES, Charlotte Scales, and Billy Scales, Appellants**

v.

**Patricia Scales VADEN, and James M. Moncrief, Appellees.**

**No. CA 09–895.**

Court of Appeals of Arkansas.

May 12, 2010.

Rehearing Denied June 23, 2010.

Joseph A. Strode, Bridges, Young, Matthews & Drake PLC, Pine Bluff, for appellants.

Russell Duncan Berry, Stuttgart, for appellees.

RITA W. GRUBER, Judge.

The parties in this partition case, who are family members, agreed on a legal description, which was included in the circuit court's consent partition decree and order for sale. The court's decree, entered on May 13, 2005, included this legal description and ordered the property sold at public auction to the highest bidder. The sale was conducted on June 15, 2005, at which appellees Patricia Scales Vaden and James M. Moncrief were the highest bidders. The court entered an order on July 8, 2005, confirming the sale. On August 10, 2005, appellants Billy Scales and Sammy Scales, Mrs. Vaden's brothers, filed a motion pursuant to Rule 60 of the Arkansas Rules of Civil Procedure to correct the legal description in the consent decree, order, and commissioner's deed. After several hearings, the court denied appellants' motion and confirmed the sale in an order filed April 23, 2009. The circuit court also accepted and adopted in part a survey prepared by a court-appointed commissioner setting forth the boundary lines of the tracts conveyed. Appellants appeal from this order, contending that the legal description contained in all of these orders is incorrect. We affirm.

## I.

This case began in February 2003, when appellee Mrs. Vaden filed a partition action against her tenants-in-common: appellants Sammy Scales, his wife Charlotte Scales, Billy Scales, and three other family members. Patricia's son, appellee Mr. Moncrief, purchased the interest of one of the defendants, Robert Scales, and was substituted as a party. The petition sought partition of three tracts of land in Desha County. In May 2005, the parties entered into a consent decree providing that the land, as described in the petition, would be sold by the court and the proceeds divided according to each party's interest. Although appellant Billy Scales made a bid on the property at the sale, appellees were the highest bidders. The court confirmed the sale on July 8, 2005.

Disagreement soon arose about certain exceptions contained within the legal description of the property conveyed by the commissioner's deed, which contained the exact legal description used in the petition and the consent decree. Appellants claimed that property described in these exceptions was not conveyed to appellees in the judicial sale because the described land was owned in fee simple either by the Southeast Arkansas Levee District or by appellant Billy Scales—as a result of his acquiring the property through adverse possession by running cows on the land—subject to the Levee District's easement. Appellants made this argument in a motion filed on August 10, 2005, and in an amended motion filed on September 22, 2005, pursuant to Rule 60 to clarify and correct the legal descriptions in the orders and commissioner's deed. They asked the court to set aside the judicial sale, rule that appellants held no interest in the land within the exceptions, appoint a commissioner to create a simplified and accurate description of the property, and order a new sale.

On September 15, 2005, the court entered an order temporarily setting aside the confirmation order until a hearing could be held to resolve the issues surrounding the legal description. On September 25, 2005, stating that it was "unclear whether or not the Southeast Arkansas Levee District is the owner of fee title, as opposed to a right-of-way easement" in the disputed property, the court entered another order requiring

appellees to join the Levee District as a party to the action to determine what interest, if any, the Levee District had in the subject property. In its answer to appellees' amended petition for partition, the Levee District stated that the interests described in the legal description of the subject exceptions were acquired by the Levee District as rights-of-way or perpetual easements for levee and flood-control purposes. The Levee District added that "its policy is to allow the owner of the fee title to property underlying the levee district's right of way or perpetual easements to use same subject to the rules and regulations of the district and U.S. Army Corps of Engineers."

In a hearing held on February 20, 2007, to clarify the issues for the court, appellants said that they were not asking for the sale to be set aside but for the court to modify the legal description. Appellees contended that the legal description contained in the consent decree, |4notice of sale, and commissioner's deed was accurate and that the only question was the location of this description upon the land. The court entered an order on December 8, 2008, appointing a commissioner, Melvin J. Cannatella of W.L. Burle Engineers, P.A., to conduct a survey. Mr. Cannatella filed his report and survey plat with the clerk of the court on March 6, 2009. Appellees objected to the survey's identification and location of rights-of-way or easements that were outside the boundaries of and not contained within the land conveyed by the commissioner's deed as contrary to the prior orders of the court and the established rules of construction.

The court held a final hearing on April 14, 2009, and denied appellants' motion. The court ruled from the bench that the contested exceptions were all easements or rights-of-way and that there were neither errors or mistakes needing modification under Rule 60(a) nor clerical errors needing correction under Rule 60(b). The court stated that it ordered the sale of those servient estates when it entered the consent decree, which the court noted appellants entered into after the advice of counsel. The court also noted that appellant Billy Scales bid on the property despite his counsel's advice that "it was unclear what he would be getting." The court explained that it appointed Mr. Cannatella not to determine the nature of the Levee District's interest but to find boundaries of the land described. Finally, the court determined that appellants were equitably estopped from challenging the legal description at this late date:

> The Court simply finds also that the petitioners in this case [appellants] waited, though they had every reason—If I'm to believe them today that they were uncertain |5as to what was sold, they had counsel, I don't know how they could have been. They had one of the best, Kenny Johnson, [for] this agreed upon decree. If it wasn't consistent with what their family understanding was, it was certainly their obligation to bring it to the Court's attention before now. But they, like the Moncriefs/Scales side, went to the sale and bid. Both perhaps taking a chance, and they went knowing that these were easements. They had to. They were on record. And they could not have relied upon anything else besides what was on record. And in fact they had been using that property as servient-estate owners in connection with the Scales deal, hunting on it, running cows, whatever, just like the Levee District gives them the right to do. So they can't say it was given in fee or absolute ownership.

> In any event, the Court finds that they're equitably estopped also by their own conduct in going to the sale, know-

ing the same thing the Moncriefs' side knew, decided not to pay quite as much for the property.

On April 23, 2009, the court entered an order confirming the sale and denying appellants' motion for the reasons given at the hearing. The court also found that the "identification of parcels of land following the tracts of land identified for sale are easements upon the land, which are subject to the rights of the owner of the dominant estate under such easements, which parcels so identified should be conveyed with the land at such· sale." The court also accepted and adopted Mr. Cannatella's survey plat filed with the court solely as it delineated the boundary lines of the conveyed property; but not "to the extent such plat goes beyond identification of the boundaries."

## II.

■ On appeal, appellants contend that the circuit court's decision must be reversed because the extrinsic evidence established that the parties did not intend to convey any interest in the land contained in the exceptions. The circuit court in this case denied appellants' motion under Rule 60, confirmed the judicial sale, and clarified the boundaries |₆of the property described in the commissioner's deed and in its earlier orders. Thus, our standard of review is threefold. We review a trial court's determination of a Rule 60 motion for abuse of discretion. *First Nat'l Bank of Lewisville v. Mayberry*, 366 Ark. 39, 42, 233 S.W.3d 152, 155 (2006). Next, in judicial sales, the court is the vendor, and in the exercise of sound judicial discretion, it may confirm or refuse to confirm a sale made under its order. *Kellett v. Pocahontas Fed. Sav. & Loan Ass'n*, 25 Ark.App. 243, 756 S.W.2d 926 (1988). In our review of the circuit court's order to determine whether there has been an abuse of discre-

tion, we will not substitute our own decision for that of the trial court but merely review the case to see whether the decision was within the latitude of decisions which a judge or court could make in a case. *Looper v. Madison Guar. Sav. & Loan Ass'n*, 292 Ark. 225, 729 S.W.2d 156 (1987). Finally, we review a court's inherent power to interpret its own order for clear error. *Kennedy Funding, Inc. v. Shelton*, 100 Ark.App. 84, 89, 264 S.W.3d 555, 558 (2007).

■ We will first address whether the court abused its discretion in denying appellants' motion to modify the consent decree, notice of sale, and commissioner's deed by changing the legal description pursuant to Rule 60(a) or 60(b). Rule 60(a) provides that a trial court may modify or vacate a decree within ninety days of its entry to correct errors or mistakes or to prevent the miscarriage of justice. Ark. R. Civ. P. 60(a) (2009). The court loses jurisdiction under this subsection after ninety days. *Id.* Moreover, a court's power under Rule 60(a) is confined to correction of the record to make it conform to the action that was actually taken at the time and not to action that the court should have taken, but in fact did |₇not take. *Carver v. Carver*, 93 Ark.App. 129, 132, 217 S.W.3d 185, 187 (2005). In this case, the orders in question were entered in 2005 and the final hearing was in 2009, long past ninety days. Further, even if we determined that the circuit court reserved jurisdiction over the issue, the court did not abuse its discretion in denying appellants' motion under Rule 60(a) because modification of the legal description would not have made the record conform to the action that was actually taken. Finally, while clerical errors may be corrected at any time pursuant to Rule 60(b), we hold that the court did not abuse its discretion in determining that the correction of a

clerical error did not include modifying the legal description in this case.

■ We also hold that the circuit court did not abuse its discretion in confirming the judicial sale. Appellants entered into a consent decree containing the allegedly incorrect legal description, attended the sale and made a bid for the property, and accepted a division of the sale proceeds without objecting to the legal description. Moreover, in the hearing held February 20, 2007, appellants said that they were not asking for the sale to be set aside but for the court to modify the legal description. We affirm the trial court's decision confirming the judicial sale.

■■ Finally, we address whether the circuit court clearly erred in clarifying its own decree by limiting the use of Mr. Cannatella's survey to establishing the boundaries of the legal description as it existed rather than for the purpose of finding that the Levee District's interest in the property constituted fee simple ownership. The circuit court, which appointed Mr. Cannatella as commissioner to conduct the survey, had authority to adopt the report, modify the report, or reject it in whole or in part. Ark. R. Civ. P. 53(e)(2) (2009). Mr. Cannatella established that the tracts described as exceptions in the legal description set forth in the consent decree and commissioner's deed were the same land described in the easements or rights-of-way held by the Levee District. The Levee District stated its position that the described exceptions were held as easements and not as fee simple interests. Finally, appellants themselves had treated the exceptions as easements by running cows on the property, consenting to the legal description in the consent decree, and bidding for the land as described. While appellants' witnesses sought to interpret and modify the agreed upon property description in this case, it is the duty of the circuit court to assess the credibility of witnesses and determine the facts in a bench trial. *Santifer v. Ark. Pulpwood Co.*, 66 Ark.App. 145, 148, 991 S.W.2d 130, 132 (1999). We hold the trial court did not clearly err in limiting the commissioner's survey to setting forth the boundaries of the land already described in the court's orders.

Affirmed.

VAUGHT, C.J., and GLOVER, J., agree.