

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–606

| | |
|---|---|
| TRIPLE T FARMS PARTNERSHIP, DOYLE THOMAS, AND LINDBERGH THOMAS<br><br>APPELLANTS<br><br>V.<br><br><br>UNION BANK & TRUST COMPANY<br>APPELLEE | **Opinion Delivered** March 11, 2015<br><br>APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. CV-2009-107-2]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>AFFIRMED |

**DAVID M. GLOVER, Judge**

On January 10, 2014, the trial court granted appellee Union Bank & Trust Company (Union) judgment in foreclosure against appellants Triple T Farms Partnership, Doyle Thomas, and Lindbergh Thomas (Triple T) and dismissed with prejudice Triple T's counterclaim.[1] Pursuant to Rule 60 of the Arkansas Rules of Civil Procedure, on February 5, 2014, Triple T filed a motion to set aside the foreclosure judgment and dismissal of its counterclaim; this motion was denied in an order filed on March 19, 2014. Triple T timely filed its notice of appeal. On appeal, Triple T argues that the judgment should be set aside because it had no notice of trial; that the proceedings and trial in this matter (without notice to Triple T) resulted in the taking of property without due process of law and in violation of

---

[1]Antoine Thomas and Simmons First National Bank were also listed as defendants and counterclaimants below; Antoine Thomas is deceased, and Simmons is not a party to this appeal.

its rights to equal protection so as to violate its constitutional rights; and that the judgment is erroneously based on two notes and security interests that were modified by a later loan-restructure agreement and, because Union first breached the agreement in October 2008, it is therefore barred from proceeding under a breach-of-contract claim.  We affirm.

Union made two loans to Triple T in 2006; Triple T defaulted, and Union filed a foreclosure action in 2007.  Triple T filed for bankruptcy protection in 2007; as a settlement of the foreclosure action and the bankruptcy, the parties entered into a loan-restructure agreement in 2008.  Union filed a second foreclosure action against Triple T in 2009; Triple T counterclaimed.

The case was originally set for jury trial on April 3, 2013, by order (filed November 9, 2012); this order was sent to Triple T's counsel at P.O. Box 787 in Forrest City, Arkansas. An order (filed April 8, 2013) reset the case for a bench trial on August 7, 2013; this order was also sent to Triple T's counsel at the above address.  Another order (filed on June 26, 2013) reset the bench trial for September 4, 2013; this order was sent to Triple T's counsel at the above address.  Triple T filed a motion for continuance on September 30, 2013, noting that the trial was currently set for October 2, 2013,[2] and that  a material witness was out of the country and would be for some time; it requested that the matter be rescheduled for the first Wednesday in November 2013.  By order (filed on November 12, 2013), the trial court reset the case for bench trial from October 2, 2013, to January 8, 2014; this order was sent to

_____

[2]There is no order in the addendum resetting the case from September 4, 2013, to October 2, 2013.

2

Triple T's counsel at the above address. Each order also included the mailing address of Union's counsel.

At the January 8, 2014 bench trial, the trial court noted that Triple T's counsel had contacted the trial court the night before and stated that she did not have notice of the trial date. However, the trial court found that notice was sent to Triple T's counsel, stating that it was convinced that Triple T's counsel was aware of the setting of the hearing. Union proceeded to present its case, and the trial court granted Union all the relief it requested. The trial court specifically instructed Union's counsel to include in the order that Triple T was notified of the trial date in the same manner as everyone else; that counsel for Triple T did not contact the trial court until the day before the hearing; and that the trial court was satisfied that Triple T had notice of the bench-trial setting. Triple T filed its motion to set aside the judgment pursuant to Rule 60, which was denied. This appeal was then filed.

Rule 60(a) of the Arkansas Rules of Civil Procedure provides that a trial court may modify or vacate a judgment, order, or decree by the court's motion or by motion of any party, with prior notice to all parties, within ninety days to correct errors or mistakes or to prevent the miscarriage of justice. The only limitation on the exercise of power under Rule 60(a) is addressed to the sound discretion of the trial court. *Farmers Union Mut. Ins. Co. v. Mockbee*, 21 Ark. App. 252, 731 S.W.2d 239 (1987).

Triple T first argues that it had no notice of the hearing, contending that there was no evidence that a copy of the order was sent to its counsel. It points out that it had appeared at all prior settings and had timely responded to all prior pleadings. It also notes that its

SLIP OPINION

counsel called the home of the presiding judge the night before the hearing to leave a message that Triple T's counsel had just received a call from Union's counsel that the trial was the next day but that Triple T's counsel had no notice of the trial setting.

The trial court specifically found that Triple T's counsel had notice of the trial setting, and findings of fact by the trial court shall not be set aside unless clearly erroneous. Ark. R. Civ. P. 52(a) (2014). The notice to originally set the case, and all subsequent notices of trial resettings—there were at least three—were sent to Triple T's counsel at her P.O. box in Forrest City. The trial court further noted from the bench that its staff had also confirmed the trial date by telephone. Additionally, it is apparent that Union's counsel received the mailed order for the new trial setting, as it appeared for trial on the date and at the time ordered by the trial court.

A party must make efforts to keep informed of pending legal matters. *See Diebold v. Myers Gen. Agency, Inc.*, 292 Ark. 456, 731 S.W.2d 183 (1987). Triple T cites *Nobles v. Tumey*, 2010 Ark. App. 731, 379 S.W.3d 639, in an attempt to support its position that there was a miscarriage of justice when the circuit court found that it had notice of the hearing; however, *Nobles* is distinguishable from the present case. In *Nobles*, Mr. Nobles's attorney failed to notify him that he (the attorney) had been disbarred, and there was evidence that Nobles had made efforts to contact his attorney and keep current with the progress of the action. Here, there was no evidence that Triple T made any effort to keep abreast of the progress of the action after late September 2013. In fact, when Triple T filed its motion on September 30, 2013, to request a continuance from the October 2, 2013 trial setting, its

4

SLIP OPINION

counsel specifically requested that the matter be rescheduled for the first Wednesday in November 2013, but the trial court instead reset it for January 8, 2014. At least, when the date counsel for Triple T requested for trial came and went without a trial, Triple T's counsel should have been diligent in keeping abreast of the progress of the action and inquired as to when the trial had been reset. We cannot say that the trial court's finding that Triple T's counsel had notice of the trial date was clearly erroneous.

Triple T also argues, in passing, that "the actual result of the 'trial' on January 8, 2014, was a default judgment." We disagree. When a judgment is based on evidence presented to the court at a trial, as opposed to being based on the failure of a party to appear or attend, the judgment is not a default judgment, and Arkansas Rule of Civil Procedure Rule 55, which applies to default judgments, does not apply. *Diebold*, *supra*.

Triple T next argues that the proceedings and trial in this matter without notice resulted in the taking of property without due process of law and in violation of Triple T's rights to equal protection. The short answer to this point is that the trial court found that Triple T's counsel had notice of the trial setting, and we cannot say that this finding was clearly erroneous. Therefore, Triple T was not deprived of any property without notice and an opportunity to be heard.

Triple T cites *McCrory v. Johnson*, 296 Ark. 231, 755 S.W.2d 566 (1988), in an attempt to support its contention that it had suffered a taking of property without due process of law. There, our supreme court held that the prejudgment-attachment code provisions were unconstitutional. In the present case, there was no prejudgment taking—a trial was held, and

5



judgment was entered. Therefore, *McCrory* is inapplicable here.

Triple T's last argument is that Union erroneously relied upon the two 2006 promissory notes and financing statements, completely ignoring the loan-restructure agreement the parties signed in 2008 that modified the terms of repayment. Triple T further argues that Union breached the contract because it kept payments from the United States Government belonging to Triple T although in the loan-restructure agreement Union acknowledged that it had no interest in or assignment of any government payments.

Rule 60 provides, in pertinent part:

(d) *Valid Defense to Be Shown.* No judgment against a defendant, unless it was rendered before the action stood for trial, shall be set aside under this rule unless the defendant in his motion asserts a valid defense to the action and, upon hearing, makes a prima facie showing of such defense.

(e) *Valid Cause of Action to Be Shown.* No judgment, unless it was rendered before the action stood for trial, shall be set aside on the motion of a plaintiff unless the plaintiff makes a prima facie showing of a valid cause of action.

We need not address whether Triple T has a meritorious defense because of the manner in which we dispose of Triple T's first argument—that the trial court's finding that Triple T's attorney had notice of the trial setting is not clearly erroneous. This argument of a meritorious defense or claim is irrelevant because the trial court found that Triple T had notice of the hearing and/or failed to keep apprised of the status of the case. This finding by the trial court means that Triple T failed to establish that there was a miscarriage of justice; therefore, it is unnecessary to address whether there was a meritorious defense or claim.

Affirmed.
VIRDEN and GRUBER, JJ., agree.
*Andrea Brock, P.A.*, by: *Andrea Brock*, for appellants.
*The Barton Law Firm*, by: *Whit Barton*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.