Brown, J., agrees.
Whiteaker, J., concurs.
I join the majority opinion because I agree that the orders on appeal lack finality for multiple reasons: an unresolved motion for contempt, an unresolved motion for summary judgment, and an unresolved motion to add ATCO as a party. On remand, the parties can easily fix the current finality problem by adding ATCO as a party and obtaining a ruling on the pending motions for contempt and summary judgment. Doing so, however, will not resolve the more pervasive problems of proper parties, competing or conflicting court orders, and competing jurisdictions. It is axiomatic that the majority can only address the issue currently present to it; I must write separately to express my concerns that these more pervasive problems will need to be addressed before this court will ever be able to address the merits of this appeal.
First, are the proper parties before us? The majority correctly identifies this as one of the finality issues. I agree but see the issue as broader than just obtaining a ruling on an unresolved motion to add ATCO as a party. ATCO's status is a major source of our confusion. When this land dispute first arose in Scales v. Vaden , 2010 Ark. App. 418, 376 S.W.3d 471, ATCO filed a motion to intervene. The circuit court denied the motion when the appellees advised the circuit court that they were not claiming any of the lands their family had conveyed to ATCO in 1967. ATCO did not appeal the denial of its motion to intervene.[3] When appellees sought to make ATCO a party in this current appeal, ATCO argued that it was too late to add it as a party. More importantly, ATCO's president indicated that it had sold some land to the Yancopin Hunting Club. It is not clear where this land is located or if it is being claimed by appellees. How can the circuit court address any issues concerning the land when one of the claimants to that land was not and is not now before the court in any meaningful sense? If ATCO's argument is persuasive that it is too late to add it as a party, would that same argument apply to the buyers who purchased land from ATCO? Likewise, ATCO, in its brief, states that Billy and Sammy Scales, two of the defendants in Scales , are both deceased. Does this moot appellees' claims for a writ of *253 assistance and for contempt? Is there even a proper basis for holding ATCO in contempt? These issues have not been addressed in any meaningful sense in circuit court.
Second, are there issues of conflicting court orders from different, competing counties that may be affecting the same property? In this litigation, the parties are in a contest about property rights pertaining to land allegedly in Desha County. However, the same parties, ATCO and appellees, litigated title to land allegedly located in Arkansas County in which ATCO prevailed. Although appellees filed a notice of appeal from the Arkansas County litigation, they did not perfect their appeal and it was dismissed on ATCO's motion. In that case, the Arkansas County Circuit Court ruled that the land at issue in that case was located in Arkansas County and belonged to ATCO. What property, exactly, are the parties fighting about? There was testimony from surveyor Jim Cannatella in Scales in 2009 that some of the land in Desha County may no longer exist due to having been dissolved by the flow of the Arkansas River. He also noted this on the survey plat at the heart of the present case. He further noted that the land may have become part of Arkansas County by accretion. Are the parties both claiming the same property? Where is this property located? Is it in Arkansas County or is it in Desha County? It appears that each party has a court order ruling that certain lands belong to that party. Again, the question is how does the land at issue in the Arkansas County case relate, if at all, to this case? If both cases involve the same property, then does each court order create a cloud on the other party's title? If so, does the current litigation resolve the cloud without further litigation in both Arkansas County and Desha County?
Obviously, I see many pervasive problems in this litigation that will not be eliminated by simply curing the finality issues currently presented. Without these problems being addressed I doubt that the merits of this dispute can ever be reached on appeal.

The failure to appeal the denial of the motion to intervene and the basis for that denial-that appellees were not claiming ATCO's land-could both have implications going forward based on res judicata, collateral estoppel, and waiver, among other things.