Cite as 2025 Ark. App. 185

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-788

| | |
|---|---|
| JAMES RAY MARTIN III<br><br>APPELLANT<br><br>V.<br><br>ESTATE OF JAMES RAY MARTIN, JR.<br>APPELLEE | Opinion Delivered March 19, 2025<br><br>APPEAL FROM THE RANDOLPH COUNTY CIRCUIT COURT<br>[NO. 61CV-23-7]<br><br>HONORABLE ADAM G. WEEKS, JUDGE<br><br>AFFIRMED |

### MIKE MURPHY, Judge

Appellant James Ray Martin III appeals the Randolph County Circuit Court decision denying his motion for a new trial. Prior to that, the circuit court had quieted title in two tracts of land in favor of the estate of Martin's late father, James Ray Martin, Jr. The sole issue on appeal is whether the circuit court properly denied Martin's motion for new trial. We affirm.

On January 26, 2023, Oscar Hirby, as the administrator of James Ray Martin, Jr.'s, estate, filed a petition to quiet title to two parcels of land in Randolph County. In that petition, Hirby alleged that Martin had filed two deeds that purportedly transferred to himself land that had previously belonged to his father. Martin's father had passed away in 2019, and while Martin was originally appointed the administrator, he was removed in 2020, and Hirby was appointed. Martin was served, and he filed a pro se answer. The answer

provided an address in Pocahontas, Arkansas. On June 27, 2023, the estate mailed a notice of deposition to Martin at that Pocahontas address. Martin failed to appear for his deposition. On July 26, the estate moved for default judgment or, alternatively, for summary judgment. A hearing—at which Martin did not appear—was held on the motion on August 14, and the court ultimately granted it. The order, titled "Order to Quiet Title," was entered August 16, 2023, and declared the two quitclaim deeds that deeded property to the appellant null and void, making the following findings:

2. On March 13, 2020, a Quitclaim Deed purporting to convey Tract 1 from Bonita Martin to the defendant, James Ray Martin, III, was recorded in the Circuit Clerk office of Randolph County, Arkansas, at Book293 Page 605. The purported signature of Bonita Martin is dated March 11, 2020.

3. On January 31, 2022, a Quitclaim Deed purporting to convey Tract 1 and Tract 2 from James Ray Martin Jr. to James Ray Martin, III, was recorded in the Circuit Clerk office of Randolph County, Arkansas, at Book 303 Page 586. The signature purporting to be that of James Ray Martin, Jr. is dated January 31, 2019.

4. The Complaint for Quiet Title was served upon the defendant, James Ray Martin, III ("the Defendant"), and the Defendant filed an Answer denying the allegations of the Complaint.

5. A Notice of Deposition was filed herein to take the deposition of the Defendant at the Law Offices of Snellgrove, Langley, Culpepper, Williams & Mullally, on July 7, 2023, at 10:00 a.m. The Notice of Deposition was mailed to the Defendant by regular mail and certified mail on June 19, 2023, and upon the filing of the Notice of Deposition, a file-marked copy of the Notice of Deposition was mailed to the Defendant by regular mail and certified mail on June 27, 2023. Both letters were sent to the address given by the Defendant on his Answer filed herein.

6. The Defendant failed to appear for his deposition on July 7, 2023, and the transcript of his nonappearance has been submitted herein as an exhibit to the estate's Motion for Default Judgment and has been admitted into evidence at trial.

7. The court finds that pursuant to Ark. R. Civ. Pro. Rule 37(b)(d)(2)that the court may, and hereby does, strike the Answer filed herein by Defendant as a sanction for his failure to appear for his deposition, for which he has failed to submit good cause. Accordingly, the estate's Motion for Default Judgment is granted.

8. The court further finds on the merits that the two Quitclaim Deeds referenced above should be set aside and declared to be null and void.

9. The court finds based upon the evidence presented at trial that the Quitclaim Deed recorded at Book 293 Page 605 on March 13, 2020, purporting to be signed by Bonita Martin, is null and void and should have no effect inasmuch as Bonita Martin and the decedent were divorced in 1993, and the decedent inherited the real estate upon his father's death in 2017. Accordingly, Bonita Martin had no right, title, or interest in the property when she purportedly executed the Quitclaim Deed on March 13, 2020, more than one year after the decedent's death.

10. The second Quitclaim Deed, which was purported to be executed by the decedent on or about January 31, 2019, was recorded on January 31, 2022, approximately three years after the death of the decedent. The evidence presented, including the sworn testimony by deposition of the decedent's widow, Tena Martin, establishes that the purported signature was not the signature of decedent, that the decedent did not leave his home in the months prior to his death on February 6, 2019 unaccompanied by Tena Martin, the decedent was suffering from terminal cancer and was under the influence of Morphine, Fentanyl, and Valium on the date he purportedly executed the Quitclaim Deed, and there is no evidence that any Quitclaim Deed purporting to convey the property to Defendant was delivered to Defendant prior to the death of decedent. Further, during the time that the Defendant was acting as administrator of the estate before being removed as administrator based upon various acts of misconduct, the Quitclaim Deed was not proffered by the Defendant in his duties as the administrator to marshal the assets of the estate, and it was only long after his removal as administrator that he evidently caused the Quitclaim Deed to be recorded. Further, Tena Martin testified under oath in her deposition that none of the persons who purportedly witnessed the Quitclaim Deed had ever been to the home of the decedent, and the Defendant had not been to the home of the decedent since Thanksgiving of 2018. The Quitclaim Deed was purportedly notarized in Lonoke County, and Tena Martin testified that in the months prior to his death the decedent never left his home unaccompanied by her, and at no time had the decedent been in Lonoke County in the months prior to his death. Accordingly, the court finds that the Quitclaim Deed is a forgery, there is no evidence that the decedent delivered the Quitclaim Deed to the Defendant, and even if the decedent had executed a Quitclaim Deed and delivered it to Defendant in the

3

last week of his life, that due to his illness and medications he was not competent at that time to convey real property.

11. Despite notice, the Defendant failed to appear at the trial of this matter and has presented no evidence to the court contrary to the findings of fact and conclusions of law stated herein.

The court quieted title, ordering that title to Tracts 1 and 2 rest solely in the estate of James Ray Martin, Jr., deceased.

Two days after the entry of that order, Martin—now represented by counsel—moved for a new trial under Arkansas Rule of Civil Procedure 60. In it, he alleged that he was not notified of the date and time of the hearing on the dispositive motion. Martin included in the motion an affidavit. It was sparse and provided, "I did not appear at that hearing, because I was not notified in any manner of the date of the hearing. . . .If I had been notified, I would have appeared and testified." The motion was later supplemented, and attached to the supplemental motion was an affidavit of the notary who allegedly notarized the deed the court found to be a forgery.

The motion was deemed denied by operation of law thirty days after its filing, *see Brinkley Sch. Dist. v. Terminix Int'l Co., L.P.*, 2019 Ark. App. 445, 586 S.W.3d 694, and Martin timely appealed. His sole point on appeal is that a miscarriage of justice occurred, and the denial of his posttrial motion was an abuse of discretion.

We review a circuit court's determination of a Rule 60 motion for abuse of discretion. *Scales v. Vaden*, 2010 Ark. App. 418, at 6, 376 S.W.3d 471, 475. In determining whether there has been an abuse of discretion, we will not substitute our own decision for that of the

4

circuit court but merely review the case to see whether the decision was within the latitude of decisions that a judge or court could make in a case. *Id.* Rule 60(a) provides that a circuit court may modify or vacate a decree within ninety days of its entry to correct errors or mistakes or to prevent the miscarriage of justice. A miscarriage of justice is a grossly unfair outcome in a judicial proceeding. *Cent. Ark. Found. Homes, LLC v. Choate*, 2011 Ark. App. 260, at 8, 383 S.W.3d 418, 424.

Martin argues that the circuit court abused its discretion by not setting aside the judgment because it resulted in a miscarriage of justice. He states that the facts of this case are nearly identical to those in *Choate*, *supra*, and thus, reversal is warranted.

In *Choate*, the parties contracted for the appellant, Central Arkansas Foundation Homes (CAFH), to build a house on Choate's land. There were issues during construction that deviated from the contract. Choate refused to close on the home, citing defects and disregard for the contract terms. CAFH sued, and Choate counterclaimed. Thereafter, Choate's attorney withdrew from the case, and CAFH requested a final hearing. CAFH sent Choate a letter by regular mail notifying her of the hearing. She did not appear at the hearing, and the court ruled in CAFH's favor.

Choate then obtained new counsel and moved to set aside the judgement pursuant to Arkansas Rule of Civil Procedure 60, asserting she had not received notice of the trial, which the circuit court granted. On appeal, in pertinent part, we affirmed the circuit court's decision to grant a new trial, but we did not analyze the point on the merits. Instead, we focused on the fact that CAFH had made a flawed argument, which was framed around Rule

5

55, not Rule 60. Because the argument was misplaced, we had no reason to reverse on the point.

So, while Martin relies on *Choate*, the reliance is tenuous because we did not make a substantive Rule 60 analysis.

Martin also cites *Nobles v. Tumey*, 2010 Ark. App. 731, 379 S.W.3d 639. In *Nobles*, Nobles's counsel had surrendered his law license, and Nobles claimed he did not receive notice of trial. Nobles did not appear for trial, and judgment was entered for the appellee. Unlike in *Choate*, Nobles did not succeed on his subsequent Rule 60 motion at the trial level, but this court reversed and remanded, holding that the circuit court abused its discretion in denying the Rule 60 motion. The court noted that this was not a case in which a party failed to keep himself informed; instead, the attorney's "utter abandonment of appellant and failure to protect his interests were sufficient to establish a miscarriage of justice." *Nobles*, 2010 Ark. App. 731, at 13, 379 S.W.3d at 648.

Martin explains that, here, he was unrepresented by counsel, the estate attempted service by certified mail that was returned undelivered, and the estate then mailed notice to the same address by regular mail. He explains that the fact that the certified mail was returned undelivered gave the estate reason to know Martin "was not, at that time, collecting mail at that address" and that it was "careless" of the estate to send the same notice by regular mail and not hire a process server to ensure Martin received the notice. We disagree.

Martin appeared in this case and proceeded pro se. Unlike *Choate* and *Nobles*, he was not abandoned by counsel. He answered the complaint and provided an address. He did not

6

provide any other method of contact. The estate complied with the notice requirements contemplated by our rules. It was not the estate's duty to keep up with Martin's case for him. In fact, in *Nobles*, we explained that "a party cannot invoke the aid of the court in setting aside a judgment where he failed to keep himself informed." *Nobles*, 2010 Ark. App. 731, at 13, 379 S.W.3d at 648 (citing *Diebold v. Myers Gen. Agency, Inc.*, 292 Ark. 456, 460, 731 S.W.2d 183, 186 (1987)). In *Diebold*, we affirmed a denial of a Rule 60 motion when the appellant "had no excuse for failure to keep herself informed about the proceedings." 292 Ark. at 461, 731 S.W.2d at 186.

Our law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of their case, and pro se litigants are held to the same standard as licensed attorneys. *Harris v. Boyd G. Montgomery Testamentary Tr.*, 370 Ark. 518, 521, 262 S.W.3d 145, 146 (2007). After review, we cannot say the circuit court abused its discretion in denying Martin's Rule 60 motion. Martin's failure to provide additional methods of contact, failure to check his own mail, failure to update his address, and failure to stay informed about the proceedings do not amount to a miscarriage of justice. We affirm.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*The Law Offices of Watson and Watson, PLLC*, by: *Todd C. Watson*, for appellant.

*Snellgrove, Langley, Culpepper, Williams & Mullally*, by: *Todd Williams*, for appellee.

7