Cite as 2025 Ark. App. 415

# ARKANSAS COURT OF APPEALS

DIVISIONS 1, III & IV
No. CV-24-155

|  |  |
|---|---|
| | **Opinion Delivered** September 10, 2025 |
| JEREMY LEE HARGROVE<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION |
| V. | [NO. 60CV-22-3391] |
| UNION PACIFIC RAILROAD COMPANY<br>APPELLEE | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

Jeremy Hargrove appeals the circuit court's dismissal of his complaint against Union Pacific Railroad Company because Hargrove's counsel failed to timely answer a status-report demand the court initiated under Ark. R. Civ. P. 41(b). He argues that equitable tolling should be applied to his case and that the circuit court otherwise erred by denying his motion to vacate the dismissal pursuant to Ark. R. Civ. P. 60(a) because good cause excused the tardy response, and a miscarriage of justice would result. We agree with Hargrove that a miscarriage of justice resulted from the denial of the Rule 60 motion and therefore vacate the order of dismissal and reinstate the case in circuit court.

In May 2022, Hargrove filed a complaint for damages against his employer, Union Pacific, pursuant to the Federal Employers' Liability Act (FELA). The complaint alleged that "[b]ecause of improper equipment and working conditions provided by" Union Pacific,

he had suffered "serious permanent injuries . . . while working within the course and scope of his employment." Specifically, Hargrove alleged that he had been injured by an explosion caused by defective and improperly maintained equipment in the locomotive. This explosion caused "internal head injuries, hearing loss and injuries to his ears and related symptoms, including occasional pain, headaches and periodic symptoms from a potential traumatic brain injury." Union Pacific answered timely and denied the allegations.

On 27 September 2023, the circuit court informed counsel via electronic filing that there had been no activity in this case for at least twelve months. The court requested a written response within two weeks advising the court whether counsel wished to set a hearing or trial date, if counsel planned to enter a judgment or dismissal, or if the case was stayed by a bankruptcy action. The court warned if it did not receive a response within two weeks, then it would dismiss all claims for failing to prosecute them. Hearing nothing but crickets in the interim, the circuit court made good on its warning and dismissed the case, without prejudice, on 13 October 2023.

Eleven days later, on October 24, Hargrove moved to vacate the dismissal pursuant to Ark. R. Civ. P. 60.[1] Hargrove's counsel explained that the court's September 27 notice was delivered to his junk email folder instead of his regularly monitored email, and he had not seen the court's email call for a status report until October 15, two days after the dismissal. Counsel also said that he normally reviews his spam folder periodically, but "two personal medical matters" involving his spouse delayed his usual review. In addition, a new

---

[1]Although it was filed eleven calendar days later, the motion was filed within the ten days for filing postjudgment motions contemplated by Ark. R. App. P.–Civ. 4(b)(1).

2

temporary employee had received the email in her junk email folder or her standard inbox (she could not remember which) and had failed to appreciate the importance of the court filing.

As for the status report, counsel said the parties had engaged in "substantial written discovery, discovery requests, and responses," but they had not filed any certificates of service with the respective discovery, so there were no court filings reflecting the case's progression. Finally, counsel clarified that FELA has a three-year statute of limitations and is not subject to the protection of the Arkansas savings statute, so the court's dismissal without prejudice would operate as a dismissal with prejudice in this case. Invoking Rule 60(a), counsel argued that the dismissal resulted in a miscarriage of justice, and it should therefore be vacated.

The circuit court was not moved and denied Hargrove's Rule 60 motion in November 2023. About one month later, Hargrove filed a timely notice of appeal from the Rule 41 order of dismissal and the denial of the Rule 60 motion,

Arkansas Rule of Civil Procedure 41(b) provides,

> In any case . . . in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be filed and sent to the attorneys of record through the court's electronic filing system or by mail . . . that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket.

Ark. R. Civ. P. 41(b) (2023). And Rule 60(a) provides: "To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk." Ark. R. Civ. P. 60(a) (2023).

3

Rule 41(b) dismissals are typically reviewed under an abuse-of-discretion standard. *Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc.*, 2011 Ark. 501, 385 S.W.3d 797. Whether to grant or deny a motion to vacate a judgment under Rule 60 also lies within the circuit court's discretion and will not be reversed unless the circuit court has abused that discretion. *Losurdo v. Losurdo*, 2023 Ark. App. 584, 680 S.W.3d 487. In determining whether there has been an abuse of discretion, we will not substitute our own decision for that of the circuit court. *Scales v. Vaden*, 2010 Ark. App. 418, 376 S.W.3d 471. The standard is a deferential one. An "abuse" requires an erroneous ruling made improvidently, thoughtlessly, or without due consideration. *Steinbuch v. Univ. of Ark.*, 2019 Ark. 356, 589 S.W.3d 350.

Though not a common occurrence, we have one here, in the end, all things considered.

*Level 1.* As for Hargrove's Rule 41(b) argument, we cannot say the circuit court abused its discretion. The court called for a status report by X date, did not receive one, so it took the action warned of. What else was the court supposed to do? No problem there. That first-level decision is not worth more time.

*Level 2.* The rub in this case arose with the court's second decision, the denial of the Rule 60 motion, though it had more consequential information about the state of affairs at hand and delivered a disproportionately harsh result. Why was Hargrove tardy? To sum it up, his counsel wrote that the circuit court's e-filing was misdirected to a spam email folder but that the error was promptly dealt with once it came to light. Counsel also claimed distraction connected to medical issues concerning his wife. There is more; Hargrove's

4

counsel also told the court that the parties had been engaged in the discovery process, an assertion Union Pacific didn't contest. And most importantly, the order of dismissal would be one with prejudice, *not* the ordered without prejudice, because Arkansas's savings statute does not apply to a FELA case. Therefore, Hargrove says, "good cause" was shown for the tardy response to the court's Rule 41(b) notice at minimum; and at maximum, a miscarriage of justice resulted from the court's decision to stand on its order, all things considered.

Was the missed status-report deadline sloppy? Yes. More importantly, was the result of a dismissal *with* prejudice a miscarriage of justice? We think so, given the case was being pursued behind the scenes, that counsel provided a robust response and a Rule 60(a) motion soon after the dismissal, and that the court-ordered dismissal without prejudice acts as one with prejudice.

★ ★ ★

Justice Louis Brandeis once said, "If we desire respect for the law, we must first make the law respectable." Louis Brandeis, the Clev. Plain Dealer, October 15, 1912. On this record, we hold that the circuit court abused its discretion when it denied Hargrove's request to vacate the order of dismissal. The court clearly intended the dismissal to be without prejudice, then it learned the dismissal would act as one with prejudice, all while also receiving some reasons for the late response to a call for a status report. Yet the court stayed the disproportionately harsh course, without explanation. That was a legal bridge too far given Hargrove's transgression. Consequently, we vacate the order of dismissal and reinstate the case.

Reversed and remanded.

5

ABRAMSON, TUCKER, BARRETT, HIXSON, and MURPHY, JJ., agree.

THYER, WOOD, and BROWN, JJ., dissent.

**WENDY SCHOLTENS WOOD, Judge, dissenting**. I agree with the majority that the circuit court did not abuse its discretion in dismissing Hargrove's case under Arkansas Rule of Civil Procedure 41(b); however, I respectfully disagree that the circuit court abused its discretion in denying Hargrove's subsequent Arkansas Rule of Civil Procedure 60(a) motion. I would affirm.

The majority rests its reasoning on the "disproportionately harsh result" caused by the circuit court's denial of Hargrove's Rule 60(a) motion. However, the relevant question is not whether the circuit court's decision feels harsh but whether it constitutes an abuse of discretion. *First Nat'l Bank of Lewisville v. Mayberry*, 366 Ark. 39, 42, 233 S.W.3d 152, 155 (2006). An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Collins v. State*, 2019 Ark. 110, at 5, 571 S.W.3d 469, 472. In reviewing the circuit court's order to determine whether there has been an abuse of discretion, we will not substitute our own decision for that of the circuit court but merely review the case to see whether the decision was within the latitude of decisions that a court could make in a case. *Scales v. Vaden*, 2010 Ark. App. 418, at 6, 376 S.W.3d 471, 475; *see also Lewis v. Baptist Health*, 2023 Ark. App. 73, at 8 (explaining that while it was "sympathetic to the circumstances of this case, and [it was] also aware that this may appear to be a harsh result," the circuit court did not abuse its discretion).

Here, the circuit court dismissed Hargrove's case without prejudice because his counsel failed to respond to the court's notice for over two weeks after the notice had been sent. Although counsel stated that the notice was delivered to his spam folder and that he normally reviews this folder periodically, he said he had not done so due to several personal matters involving his spouse. Notice also went to the email of a temporary employee, who did not recall whether she received the notice in her spam folder or standard email inbox. In either case, she failed to appreciate the importance of the filing. However, there is no dispute that the court e-filed the notice and that the attorney received the notice. Moreover, counsel did not respond to the court's request for a status check for almost a month (when he filed the Rule 60(a) motion), and neither he nor his employee—who both received the notice—saw the e-filing or checked the court's docket until eighteen days after the notice had been sent.

It is the attorney's responsibility to remain apprised of the status of his case, which includes checking the court's docket and knowing what documents have or have not been filed regarding the case. *Block v. State*, 2011 Ark. 161, at 1. In *Shepherd v. Tate*, we affirmed a circuit court's denial of a motion to set aside a permanent order of protection where the appellant did not attend the final hearing because his counsel's e-file notice of the hearing did not go into his "email's primary folder" and thus was not opened. 2019 Ark. App. 143, at 4. We held that the "circuit court's responsibility was to transmit the filing to him; it did not have a responsibility—and likely had no ability—to ensure that the email arrived in the 'primary' folder of appellant's counsel." *Id.* at 5. In *Triple T Farms Partnership v. Union Bank & Trust Co.*, this court affirmed the circuit court's denial of a

motion to aside a judgment under Rule 60(a) where the appellant's counsel claimed she did not receive the notice of the trial setting. 2015 Ark. App. 174, at 4–5, 458 S.W.3d 258, 260–61. This court noted that the circuit court found that counsel had notice of the trial setting and that a party must make efforts to keep informed of pending legal matters. *Id.* at 4, 458 S.W.3d at 260. In that case, Rule 60(a) was not allowed to excuse attorney error. *See also Off. of Child Support Enf't v. Pyron*, 363 Ark. 521, 529, 215 S.W.3d 637, 642 (2005) (stating that attorney error—stipulating to the wrong statute of limitations— does not warrant relief under Rule 60(a) and holding that the circuit court did not abuse its discretion in denying appellant's motion to vacate a prior dismissal).

The record in this case demonstrates that Hargrove's counsel (and his counsel's employee) received the notice from the circuit court, failed to timely respond to it, and offered the circuit court several excuses for the failure in the Rule 60(a) motion. These facts hardly establish that the circuit court acted improvidently, thoughtlessly, or without due consideration in denying the motion. Nevertheless, solely because the majority believes that the circuit court's ruling "delivered a disproportionately harsh result," it substitutes its judgment for that of the circuit court without any citation to authority for doing so. If the result in this case is harsh, so too were the results in *Lewis*, *Shepherd*, *Triple T Farms*, and *Pyron*. Yet this court and our supreme court held steadfast to the applicable standard of review in deciding those cases.

Therefore, I respectfully dissent because the circuit court did not abuse its considerable discretion in denying Hargrove's Rule 60(a) motion to vacate the order of dismissal. I would affirm.

THYER and BROWN, JJ., join.

*Dan Francis Law Firm PLLC*, by: *Daniel R. Francis*; and *Robert S. Tschiemer*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Scott H. Tucker* and *Kathy McCarroll*, for appellee.