Cite as 2026 Ark. App. 144

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-518

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND JESSICA PATTERSON, STATE PROCUREMENT DIRECTOR | Opinion Delivered March 4, 2026 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-24-4009] |
| V. | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| CONDUENT STATE AND LOCAL SOLUTIONS, INC. | |
| APPELLEE | REVERSED AND REMANDED |

**N. MARK KLAPPENBACH, Chief Judge**

Appellants, Arkansas Department of Human Services (DHS) and the state procurement director (Patterson), appeal the entry of a declaratory judgment against them finding and declaring their acts to be ultra vires and illegal. Appellants argue, in part, that the circuit court committed reversible error by entering judgment against them before their time to respond had expired. We agree, and we reverse and remand for further proceedings.

This litigation concerns the specific rules of the bidding process and the ultimate award of a state contract. Conduent State and Local Solutions, Inc. (Conduent) was the incumbent vendor providing information technology and business services to facilitate the delivery of DHS benefits. Specifically, the contract is for a fully tested, functioning, and supported statewide electronic-benefits-transfer (EBT) services system. Conduent had

provided these services to the State since 2017, and its contract was set to expire in August 2024.

In October 2023, DHS sought requests for proposals (RFPs) to provide those services in the future. DHS received RFPs from Conduent and two other businesses. As the proposals were processed, Conduent received the highest technical score, but a different company (Morse) prevailed overall, primarily due to its significantly lower cost that pushed it ahead of Conduent on the grand total score. In February 2024, DHS announced its intent to award the contract to Morse.

Conduent filed a formal protest, and DHS resisted the protest. Both sides presented briefs to Patterson. According to the RFP procedures, the two top-scoring companies in the technical component "will be contacted to schedule an oral presentation/demonstration."[1] Conduent asserted that it was the top technical scorer but was not afforded the mandatory opportunity to give an oral presentation/demonstration for consideration. DHS contended that this presentation was not required in the contract-award process because its procedural rule used the word "will" and not "shall." Conduent pointed out several other failures of DHS and Patterson to follow RFP written procedures, which Conduent argued would disqualify Morse. In April 2024, Patterson denied Conduent's protest.

Conduent sought to halt implementation of Morse's contract and obtain a declaration that the State illegally failed to abide by its bidding-selection processes. On

---

[1]RFP Section 3.2.A., available at https://humanservices.arkansas.gov in the pdf upload on "710-24-020-Solicitation."

Friday, May 17, 2024, Conduent filed a petition in circuit court requesting the following relief: (1) Writ of Mandamus directing DHS to strictly comply with the RFP procedures; (2) Writ of Certiorari to void the anticipated award of the contract to Morse; (3) Temporary Restraining Order to prevent DHS from awarding the contract; (4) Preliminary and Permanent Injunctive Relief to stop DHS from moving forward on the contract with Morse; and (5) Declaratory Judgment to "find that DHS failed to comply with the RFP's stated evaluation process" and that Morse "failed to comply with the mandatory requirements of the RFP." Conduent filed approximately three hundred pages of attachments to its petition evidencing the procedures, scoring documents, and all relevant filings related to the protest. On May 20, Conduent filed motions seeking immediate temporary and permanent injunctive relief against DHS and Patterson based on the foregoing allegations.

These papers were served to Patterson and DHS on the afternoon of Monday, May 20. The summons recited in relevant part:

> A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) [or 60 days if incarcerated] you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

Four days later, at noon on Friday, May 24, the circuit court entered an eight-page order denying temporary and permanent injunctive relief; denying the request for a writ of mandamus and certiorari; but granting a declaratory judgment. In the order, the circuit court found, based on the foregoing facts and procedures, that DHS and Patterson had violated the Arkansas Procurement Act and its sealed competitive-bidding process; that the

3

Act's purposes and policy was to ensure a fair and equitable procurement system; that the circuit court was vested with the authority to issue a declaratory judgment; that RFP's Sections 1.20(A), 3.1, and 3.2 establish the processes to be used to score and evaluate the proposals in awarding a contract; and that DHS and Patterson had failed to adhere to its evaluation and scoring processes. The circuit court recited the wording of these preceding rule sections verbatim. The circuit court found that, absent compliance with the very detailed rules requiring scheduling an oral presentation, the rule regarding score sheets, the rule on evaluation sheets and further consideration to come to the "final technical score," there had been no completion of the final technical scoring process, which affected the grand total score.

The circuit court also found that our supreme court has issued a number of opinions in the last few years about the doctrine of sovereign immunity, "expand[ing]" and "narrow[ing]" the doctrine "as a majority of the court looks to find consensus on the issue." (The circuit court apparently believed that sovereign immunity did not apply here.) The circuit court's order went on to declare that (1) because the bidding process was incomplete on scoring, DHS and Patterson could not make a determination under this RFP as to which bidder should be awarded the contract; and (2) any contract entered or expenditure of any monies for these services without completion of that procedure was "contrary to the express legislative policy of the state" and "illegal and ultra vires."

On June 6, DHS filed a motion to vacate the declaratory judgment asserting that the lawsuit was barred by sovereign immunity; that the circuit court lacked subject-matter

jurisdiction based on the separation of powers doctrine; that the circuit court lacked subject-matter jurisdiction to grant declaratory judgment; and that the circuit court violated DHS's due-process rights by not allowing it an opportunity to respond and defend before entering declaratory judgment. DHS further asserted that the order should be vacated to prevent a miscarriage of justice because the time to respond had not expired before entry of judgment, under Arkansas Rule of Civil Procedure 60(a) and (c).

Patterson also requested that the circuit court vacate and dismiss the May 24 declaratory judgment. Patterson filed these motions on June 7 and June 19, respectively. Patterson asserted that she was not permitted to respond before the declaratory judgment was entered in violation of Rule 60(a) and (h); that the circuit court lacked subject-matter jurisdiction; that the lawsuit was barred by sovereign immunity; and that Conduent had failed to join a necessary party pursuant to Arkansas Rule of Civil Procedure 19(a). Patterson reserved the right to contest Conduent's allegations of fact. Conduent filed briefs responding to these motions and arguing that neither DHS's nor Patterson's motions and supportive briefs held merit. The circuit court did not rule on the pending motions, so they were deemed denied by operation of law. Ark. R. App. P.–Civ. 4(b)(1).

DHS and Patterson appeal the declaratory judgment and the denial of their motions to dismiss and vacate. Appellants reiterate their arguments made to the circuit court. As their first point on appeal, they assert that it was grossly unfair and in violation of Rule 60 not to permit them the opportunity to respond before entering a final declaratory judgment. Conduent argues that appellants were not entitled to have an opportunity to respond, the

5

circuit court had everything it needed to act, and Rule 60 did not apply. We believe that the Rule 60 argument is persuasive and dispositive of this appeal, as we will explain.

The petition for declaratory judgment was filed on May 17 and served on DHS and Patterson on May 20, and declaratory judgment was entered four days later, on May 24.

Arkansas Rule of Civil Procedure 60 provides in relevant part:

(a) *Ninety-Day Limitation*. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

(b) *Exception; Clerical Errors*. Notwithstanding subdivision (a) of this rule, the court may at any time, with prior notice to all parties, correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(c) *Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days*. The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:

. . . .

   (3) For misprisions of the clerk.

. . . .

(h) *Premature Judgment*. Rendering judgment prior to the time fixed for filing an answer shall be deemed a clerical misprision. No misprision of the clerk shall be ground for appeal until relief has been sought in the circuit court and action taken there.

6

Appellants cite the plain language of Rule 60. We are also pointed to *Loveless v. Agee*, 2010 Ark. 53, where our supreme court reversed and remanded when a party opposing a motion to dismiss was not afforded consideration of his written response or a hearing before the motion was summarily granted. The *Loveless* opinion held that the order was prematurely granted, which supported reversal and remand. We find that holding instructive here.

Whether to grant or deny a motion to vacate a judgment under Rule 60 lies within the circuit court's discretion and will not be reversed unless the circuit court has abused that discretion. *Hargrove v. Union Pac. R.R. Co.*, 2025 Ark. App. 415, 720 S.W.3d 870. In this case and on these facts, we hold that the circuit court abused its discretion. Appellants argue, and we agree, that Rule 60 permits a judgment to be vacated within ninety days to prevent a miscarriage of justice and even after ninety days for "misprision of the clerk." Pursuant to Rule 60(h), a premature judgment rendered before the time to answer expires constitutes a misprision of the clerk. Even if not considered a misprision of the clerk in this instance, the term "miscarriage of justice" in Rule 60(a) is not limited to clerical errors. *See Lord v. Mazzanti*, 339 Ark. 25, 2 S.W.3d 76 (1999); *Fritzinger v. Beene*, 80 Ark. App. 416, 97 S.W.3d 440, 442 (2003). Although Conduent debates the meaning of words in Rule 60 and the construction of the rule, we agree with Patterson and DHS that the plain language of Rule 60 presented a proper and compelling basis for vacating the premature declaratory judgment.

The summonses served on DHS and Patterson specifically stated that they each had thirty days within which to file an answer or appropriate motion. DHS and Patterson were

7

denied that opportunity. It was a miscarriage of justice to summarily grant a declaratory judgment here.

This is the dispositive issue on appeal. For that reason, we do not address the remaining arguments. We reverse and remand for further proceedings.

Reversed and remanded.

TUCKER and HIXSON, JJ., agree.

*Vincent P. France*, Deputy Chief Counsel, for separate appellant Arkansas Department of Human Services.

*Tim Griffin*, Att'y Gen., by: *Carl F. "Trey" Cooper III*, Sr. Ass't Att'y Gen.; and *Laura Purvis*, Ass't Att'y Gen., for separate appellant Jessica Patterson.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, by: *Robert F. Tom*, for appellee.